640 P.2d 847

**UNION OIL COMPANY OF CALIFORNIA, a California corporation, Appellant,**

v.

**HUDSON OIL COMPANY, INC., a Kansas corporation, Appellee.**

No. 15326.

Supreme Court of Arizona,
In Division.

Jan. 13, 1982.

Rehearing Denied Feb. 23, 1982.

286

Warner & Angle by Charles R. Hallam, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Larry L. Smith, Harding B. Cure, Phoenix, for appellee.

STRUCKMEYER, Justice.

This is an appeal by the Union Oil Company from an order of the superior court vacating a default judgment. Judgment affirmed.

Appellant Union Oil Company owned and operated a petroleum distributing business in Phoenix, Arizona. Adjacent to its premises was a gasoline service station operated

under the name of "Hudson Oil." On June 22, 1977, a grass fire caused extensive damage to Union's warehouse and its contents. On August 15, 1977, Union notified Hudson at its Kansas City, Kansas office by letter of the fire and resulting damage. It asserted in the letter that Hudson's negligence in failing to properly clear brush from its lot was the proximate cause of the fire and demanded payment of damages in the amount of $76,800.00. House counsel for Hudson forwarded the letter to Hudson's insurance agent, Reed, Shaw & Stenhouse. The insurance agency then notified its insurance carrier, American Home Assurance Company, of Union's claim. On September 6, 1977, American Home opened a file on this claim and assigned it to the Paranello Adjustment Company for handling. Paranello and American Home exchanged various correspondence, and on January 27, 1978, American Home instructed Paranello to deny Union's claim.

On January 16, 1978, prior to American Home's decision to deny Union's claim, Union filed a complaint against Hudson. Service of process was made the following day upon Hudson's statutory agent, C. T. Corporation System, at its Phoenix office. The statutory agent forwarded the summons and complaint to Hudson in Kansas City. It was in turn forwarded to Reed, Shaw & Stenhouse. On January 24, 1978, the insurance agency forwarded the summons and complaint to American Home.

On February 7, 1978, twenty-one days after the summons and complaint were served upon Hudson's statutory agent, and Hudson having failed to appear or answer the complaint, Union secured an entry of default against Hudson. Thereafter, a default judgment was entered on April 26, 1978, in the amount of $80,874.13, together with costs and interest. Union recorded its judgment on September 11, 1978, on which date the clerk issued a writ of execution. The writ of execution was later returned unsatisfied.

Seven months after the entry of judgment against Hudson, on November 29, 1978, counsel for Union wrote to Hudson

informing it of the judgment and requesting payment. On December 8, 1978, American Home received a certified letter from Hudson's insurance agent informing it of the default judgment entered against Hudson. Four days after learning of the default judgment, American Home caused an answer and a motion to set aside the default judgment to be filed on Hudson's behalf. After a hearing, the trial court granted Hudson's motion pursuant to Rule 60(c)(6), Arizona Rules of Civil Procedure, 16 A.R.S. From the order setting aside the default judgment, Union appealed.

Two issues are presented for our consideration:

1. Did the trial court abuse its discretion in vacating the default judgment?

2. Did appellee present a meritorious defense sufficient to warrant the setting aside of the default judgment?

■ The grounds on which a party may be relieved from a judgment, order or proceeding are set forth in Rule 60(c), Arizona Rules of Civil Procedure, 16 A.R.S.[1] Hudson concedes that because the motion to set aside the default judgment was filed more than six months after the entry of judgment it is precluded from alleging inadvertence, surprise, or excusable neglect under section (1). Instead, the motion was predicated on section (6), which permits relief from a final judgment for "any other reason justifying relief from the operation of the judgment." This Court recognizes that section (6) of the rule does not vest the trial court with discretion to set aside a judgment for any of the reasons enumerated in the preceding sections.

"In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States,* 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 S.Ct. 266 (1949).

Appellee asserts as the "other reason justifying relief" that American Home, its insurance carrier, never received the summons and complaint forwarded to it and, therefore, the documents must have been lost in the mail. It should be noted that there is no evidence which contradicts this assertion. The sworn affidavit filed on behalf of appellee by its insurance agent states that upon receipt of the summons and complaint they were promptly forwarded to the insurance carrier on January 24, 1978. The affidavit of American Home's regional claims manager states that to the best of his knowledge, information, and belief no employee of the insurance carrier ever received the summons and complaint notifying it of plaintiff's claim. Affiant also details the customary procedures employed by American Home in order to prevent an occurrence such as the one before us.

"All mail received immediately goes to the mail department where it is stamped 'received' and experienced mail handlers

1. "60(c) Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have pro-

spective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be filed within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment or order was entered or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant served by publication as provided by Rule 59(j) or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." Arizona Rules of Civil Procedure, 16 A.R.S.

identify the document as a 'claims matter.' The mail department employees are trained to treat all summonses and complaints on a 'priority basis.'

All mail is brought to the claims department on the morning it is received and is reviewed by a 'unit manager' who is skilled and experienced in the handling of claims. The unit manager is also trained to treat all summonses and complaints on a 'priority basis.'

If there is an existing file, as there would have been in this case, the file is immediately located and pulled on a 'priority basis.' The summons and complaint would be retained by the unit manager until the file is located at which time the matter would be immediately assigned to an attorney who would be instructed to enter a defense on behalf of the insured."

■ Union Oil asserts inexcusable neglect because Hudson failed to find out whether an answer had been filed on its behalf. Union, however, overlooks the rule that in Arizona the insurer has the right to set aside a default judgment against its insured, not only on behalf of the insured, but on its own behalf. *Koven v. Saberdyne Systems, Inc.*, 128 Ariz. 318, 321, 625 P.2d 907, 910 (App.1980); *Camacho v. Gardner*, 104 Ariz. 555, 558, 456 P.2d 925, 928 (1969); *Sandoval v. Chenoweth*, 102 Ariz. 241, 245, 428 P.2d 98, 102 (1967). We noted in *Camacho v. Gardner*:

> "[T]he rendition of judgment against the insured serves a dual purpose; * * * it not only creates a judgment debt in favor of the injured party, but at the same time it creates a debt under the insurance contract between the judgment debtor and his insurer; and that for this reason, the insurer should have a right to defend against the default judgment." 104 Ariz. at 558, 456 P.2d at 928.

The Court of Appeals correctly stated the applicable considerations in a situation analogous to the present one:

> "As a non-party with standing, the insurer enters the litigation without having received notice of the proceedings otherwise provided to a party by service of

process. It, therefore, does not have legal notice of a default judgment entered against its insured unless it received this information by other means. The lack of notice is a reason, beyond those set forth in the first five parts of rule 60(c), for the trial court to exercise its discretion and set the default judgment aside." *East v. Hedges*, 125 Ariz. 188, 189, 608 P.2d 327, 328 (App.1980).

In the present case, "[t]he party who is bound to pay the judgment * * * is [American Home]. In fact, if not in law, it stands in the place of [appellee], * * * and the same equitable considerations as apply to a defaulting defendant also apply to the insurer." *Camacho v. Gardner*, 104 Ariz. at 560–61, 456 P.2d 930–31. We also stated in *Camacho* that rule 60(c)(6) "permits an even more liberal holding in a case where an insurance company—*through no fault of its own*—has not had the opportunity of defending a suit on its merits." *Id.* at 560, 456 P.2d at 930 (emphasis added). In the instant case, there is no evidence which suggests fault on the part of the insurer in failing to defend the suit on the merits other than the failure to timely appear in response to the summons. Four days after receiving notice of the default judgment, the insurer caused a motion to set aside the judgment to be filed on Hudson's behalf.

■ In reaching a determination on this matter, we adhere to our long established principles that it is a highly desirable legal objective that cases be decided on their merits and that any doubts should be resolved in favor of the party seeking to set aside a default judgment. *Walker v. Kendig*, 107 Ariz. 510, 513, 489 P.2d 849, 852 (1971); *Camacho v. Gardner*, 104 Ariz. at 560, 456 P.2d at 930; *Rogers v. Tapo*, 72 Ariz. 53, 57, 230 P.2d 522, 525–26 (1951). These are matters resting entirely within the trial court's discretion and its action will not be overturned by this court unless a clear abuse of discretion is shown. *Staffco, Inc. v. Maricopa Trading Co.*, 122 Ariz. 353, 356, 595 P.2d 31, 34 (1979); *De Honey v. Hernandez*, 122 Ariz. 367, 371, 595 P.2d 159, 163 (1979); *Walker v. Kendig*, 107 Ariz. at

513, 489 P.2d at 852; *Camacho v. Gardner*, 104 Ariz. at 559, 456 P.2d at 929. We hold that appellee presented another reason sufficient under section (6) to warrant the trial court's exercise of discretion in setting aside the default.

Under Arizona law, Hudson is also required to support its motion to set aside the default judgment with facts which, if proven at trial, would constitute a meritorious defense. *De Honey v. Hernandez*, 122 Ariz. at 371, 595 P.2d at 163; *Schering Corp. v. Cotlow*, 94 Ariz. 365, 369, 385 P.2d 234, 238 (1963); *Hendrie Buick Co. v. Mack*, 88 Ariz. 248, 252, 355 P.2d 892, 894 (1960). Hudson tendered the affidavit of an eyewitness to the fire, who stated that it spread through grass on Union's property. It is Hudson's position that this fact as a minimum raises the defense of contributory negligence.

In further support of its motion, Hudson claims that the property on which the fire started is owned by a separate corporation, Hudson Van Oil Company, not Hudson Oil Company, Inc. We do not rule on the merits of either of these alleged defenses. Hudson's affidavit is not intended to be a substitute for a trial on the facts. It is enough if there is shown, from all the material facts set forth in the affidavit, which are deemed admitted, that there is a substantial defense to the action. *Hendrie Buick Co. v. Mack*, 88 Ariz. at 252, 355 P.2d at 894. The pleadings raise the defenses of whether the fire was the proximate result of Hudson's negligence and whether Hudson can be charged with liability for events occurring on property owned by a separate corporation.

Since the trial court did not abuse its discretion in setting aside the default judgment, the order is affirmed.

HOLOHAN, C. J., and GORDON, V. C. J., concur.