705 P.2d 1373

**Charles Wesley ADDISON and Susan U. Philips, husband and wife, Plaintiffs/Appellants,**

v.

**CIENEGA, LTD., an Arizona corporation and Stewart Title & Trust Company of Tucson, an Arizona corporation, as Trustee under Trust No. 2365, Defendants/Appellees.**

**No. 2 CA–CIV 5295.**

Court of Appeals of Arizona, Division 2, Department B.

May 9, 1985.

Review Denied Sept. 4, 1985.

Hirsch & Harrison, P.C. by W. James Harrison, Tucson, for plaintiffs/appellants.

Slutes, Sakrison, Grant & Pelander, P.C. by Philip H. Grant, Tucson, for defendants/appellees.

## OPINION

LIVERMORE, Judge.

Plaintiffs, Charles Addison and Susan Phillips (Addison), brought action against defendants, Cienega, Ltd., and Stewart Title & Trust Co. (Cienega), alleging that activities of Cienega along the bank and in the bed of the Rillito River changed its flow so as to cause damage to Addison's property. After two extensions of the time for answer had been given and no answer filed, a default judgment was entered on July 24, 1984, for $298,000.

The attorney for Cienega, having learned of the default from his client, moved on July 26, 1984, for an order setting aside the default judgment. This was supported by an affidavit of the attorney on August 13, 1984; an affidavit of an employee of Cienega asserting a defense on August 20, 1984; and a legal memorandum on September 28, 1984. By order dated October 22, 1984, the trial court granted the motion. Addison appeals contending that order to be an abuse of discretion. We have jurisdiction under A.R.S. § 12–2101(C). *Bateman v. McDonald*, 94 Ariz. 327, 385 P.2d 208 (1963).

The principles governing relief from a default judgment are clear. The moving party must establish: (1) mistake, inadvertence, surprise, or excusable neglect, in failing to answer; (2) prompt action in seeking relief; and (3) a meritorious defense to the action. Because the law favors resolution on the merits, all doubts are to be resolved in favor of the moving party and the trial court is given broad discretion to grant or deny relief. That discretion extends not only to the adequacy of the factual showing but also to the balancing in particular cases of the competing legal principles favoring finality of judgments and resolution on the merits. *Richas v. Superior Court*, 133 Ariz. 512, 652 P.2d 1035 (1982).

The affidavit of the attorney in this case states that he had actual notice of the need to file an answer in three cases and that two of the files in those cases, including this one, could not be found. His practice in such circumstances was to check the firm ledger card to see if an answer fee had been paid. He followed this practice on July 23 and found that the fee had been paid in the other case without a file. Before checking the Addison ledger card, he was called away to the phone. His affidavit then concludes, "I can only surmise that I then mentally decided that I had checked both ledger cards and that both cases had been answered since I did nothing further."

Pointing to the language in *Hirsch v. National Van Lines, Inc.*, 136 Ariz. 304,

309, 666 P.2d 49, 54 (1983) that "carelessness is not synonomous with excusable neglect," Addison contends that the attorney's affidavit is insufficient. *Hirsch,* however, differs from this case. There an attorney with actual notice of the need to file an answer simply neglected to answer. Default was not taken until two months after an answer was due. Here the attorney began to respond but was deflected from his purpose by one of the many interruptions that beset practitioners in a modern law practice. See generally *Coconino Pulp & Paper Co. v. Marvin,* 83 Ariz. 117, 317 P.2d 550 (1957). This "neglect or inadvertence is such as might be the act of a reasonably prudent person under similar circumstances." *Daou v. Harris,* 139 Ariz. 353, 359, 678 P.2d 934, 940 (1984). Or, as stated in *City of Phoenix v. Geyler,* 144 Ariz. 323, 697 P.2d 1073 (1985), this "was the type of clerical error which might be made by a reasonably prudent person who attempted to handle the matter in a prompt and diligent fashion." On these facts, a finding of excusable neglect is well within the discretion of the trial court. We are reinforced in this view by the fact that counsel for Addison made no effort to reach Cienega's attorney before seeking default, knowing, because extensions had been sought, that an answer would be forthcoming. The law should not encourage lawyers to wait like vultures for any procedural slip so as to avoid resolution on the merits.

▪ Addison next contends that Cienega did not seek relief sufficiently promptly because the motion to set aside the default judgment, filed two days after its entry, was not supported by sufficient affidavits until 25 days later and by a memorandum of law until two months later. This contention is answered by *Wilshire Mortgage Corp. v. Elmer Shelton Concrete Contractor, Inc.,* 97 Ariz. 65, 397 P.2d 50 (1964). In holding that the trial court erred in not allowing an amendment to the original application to set aside, the court stated:

> "Motions to set aside default judgments arise only in situations of rush and confusion. Counsel are not required to submit perfect pleadings immediately." 97 Ariz. at 68, 397 P.2d at 52.

The trial court correctly held that Cienega had sought relief promptly.

▪ The affidavit of Cienega's development manager, offered to establish a meritorious defense, stated that he was responsible for supervising all engineering, land planning, and land use aspects of Cienega projects, that he had personally investigated the facts of Addison's claim and had reviewed the reports of an engineering and hydrology consultant, and that he had concluded that Cienega's activities had not caused the flow of the river to change so as to damage Addison's property. Addison argues that this is insufficient to establish a meritorious defense. While the mere conclusion of a lawyer or client that a defense exists is insufficient, *United Imports and Exports, Inc. v. Superior Court,* 134 Ariz. 43, 653 P.2d 691 (1982), the required affidavit "is not intended to be a substitute for trial on the facts" and need only show "that there is a substantial defense to the action." *Union Oil Co. v. Hudson Oil Co.,* 131 Ariz. 285, 289, 640 P.2d 847, 851 (1982).

▪ In reviewing the adequacy of a showing of a meritorious defense, we believe a trial court should consider both the nature of the claim and the nature of the proof adduced to support the default in the first instance. The claim in this case would require expert testimony to support a finding of causation. Whether activities in the bed and along the bank of a river caused a change of flow is simply beyond ordinary knowledge. Unlike simple cases, such as whether a traffic light was green or red, witnesses to such complex conclusions will be unavailable at the outset of litigation. This is reflected in the present record where the default was entered on the basis of Addison's testimony alone. If he could testify (or express his hope) that Cienega's activities caused his loss, then the conclusion of one familiar with what Cienega did ought to be equally sufficient in opposition, especially where it relies in part on the reports of experts hired to advise the de-

fendant. Beyond this, to require a detailed expert assessment would be to substitute a trial on the merits for the simple factual judgment whether a substantial defense exists. See *Jaben v. United States*, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965).

Given the explanation offered by Cienega's attorney, the promptness with which relief was sought, the complex nature of the claim, and the preference for trial on the merits, we hold that the trial court properly exercised its discretion in setting aside the default. The order appealed from is affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.