704 P.2d 830

**Gloria ALMAREZ, a married woman, individually, and Gloria Almarez as natural mother and best friend of Francisco Javier Valencia and Jacqueline Almarez, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, Hon. Harry Gin, a judge thereof, and Todd Douglas Wilson, a single man, Respondents.**

No. 2 CA SA 0255.

Court of Appeals of Arizona, Division 2, Department B.

July 24, 1985.

Lars Pedersen, Tucson, for petitioners.

Murphy, Clausen & Goering, P.C. by R. Douglas Holt, Tucson, for respondents.

## OPINION

LACAGNINA, Judge.

This special action was taken from the order of the trial court granting the defendant Wilson's motion to set aside a default judgment taken against him by the plaintiffs. The action arose out of an automobile accident which occurred in 1983. The plaintiffs filed their complaint on March 8, 1985, and Wilson was served on March 11. On April 2, no answer having been filed, the plaintiffs filed an affidavit of default. Following a hearing on April 17, default judgment was entered against Wilson in the total amount of $160,000, and a copy of the judgment was sent to Wilson the same day. Six days later, Wilson filed his motion to set aside the judgment, which was later supplemented with a memorandum of authorities and three supporting affidavits. Following a hearing, the trial court granted the motion. Because we conclude that the trial court clearly abused its discretion in granting the motion, and because petitioners have no equally plain, speedy and adequate remedy by appeal, and granting relief will terminate the litigation, we accept jurisdiction and grant relief.

A party seeking relief from a default judgment pursuant to Rule 60(c) must demonstrate 1) that its failure to file a timely answer was excusable under one of the subdivisions of Rule 60(c), 2) that it acted promptly in seeking relief and 3) that it had a substantial and meritorious defense to the action. *Daou v. Harris*, 139 Ariz. 353, 678 P.2d 934 (1984). In reviewing an order setting aside a default judg-

ment, we are mindful of two fundamental principles. The first is the law's preference for resolution of disputes on their merits, so that any doubts should be resolved in favor of the party seeking to set aside the default judgment. *Hirsch v. National Van Lines, Inc.,* 136 Ariz. 304, 666 P.2d 49 (1983); *Union Oil Co. of California v. Hudson Oil Co.,* 131 Ariz. 285, 640 P.2d 847 (1982). The second is that the trial court is vested with broad discretion in this matter, and its determination will not be overturned by an appellate court absent a clear abuse of discretion. *Hirsch v. National Van Lines, Inc., supra; Richas v. Superior Court,* 133 Ariz. 512, 652 P.2d 1035 (1982). The exercise of that discretion must, however, be supported "by facts or sound legal policy." *City of Phoenix v. Geyler,* 144 Ariz. 323, 329, 697 P.2d 1073, 1079 (1985).

Wilson's motion to set aside the default judgment, relying on Rule 60(c)(1), was accompanied by an affidavit of counsel, which described the sequence of events and established the factual basis for his assertion of excusable neglect as follows:

1. That one of the clients of [counsel's law firm] is the Insurance Company of North America (INA).

2. That on or about March 26, 1985, I received a telephone call from adjuster Jake Koogler of INA to advise that an answer needed to be filed in Case No. 223181, Gloria Almarez v. Todd D. Wilson.

3. That I made a note of the conversation, a copy of which is attached hereto as Exhibit E. The note was made on a pad of paper in which I maintain a list of action items. Ms. Koogler did not know the date of service, nor did she know when the answer was due. I also learned that the Plaintiffs' attorney was Lars Pedersen. I never received a file.

4. My normal procedure following receipt of this suit information is to contact the plaintiff's attorney, determine the nature of the case, the extent of injuries, advise that I will be handling the file and, if necessary, request an extension of time to answer. As a safety measure against error, I also customarily immediately request my paralegal to go to the Courthouse, obtain a copy of the complaint, and verify the date of service. *On this day I performed neither of these customary methods to answer a complaint.*

5. On March 26, 1985, I was clearing my desk and calendar to leave Tucson for depositions in California beginning Wednesday, March 27. My flight was leaving at 0645. It appears that in preparation for the California depositions and in clearing the calendar for the following two weeks, I inadvertently lost track of the notes and neglected to answer the Complaint.

6. Upon my return to the office on Monday, April 1, I did review the top page of my action list, *but did not turn to the second page whereon the Almarez information was contained. Since I had not advised my paralegal of the suit, nor call [sic] Lars Pedersen, I had no reminder to follow up on the Complaint.*

7. The next time I even thought about the case was at approximately 1:00 p.m. on April 23, 1985, when my partner, Scott Goering, told me that a default judgment had been entered in an *'Almarez v. Wilson'* case and that the adjuster had spoken with me. I immediately reviewed my notes and found the information. Scott Goering filed the Motion to Set Aside the Judgment.

(emphasis added).

The sole basis for Wilson's contention that a meritorious defense to the action existed was his affidavit, also filed in support of the motion, which stated, in pertinent part, as follows:

(2) Affiant was involved in a motor vehicle accident with the plaintiff on July 26, 1983; the accident occurred at an open intersection; prior to entering the intersection, affiant looked to his right and did not see any vehicles approaching; as he entered the intersection, he was involved in a collision with the plaintiff's

vehicle; based upon the damage to affiant's vehicle, and the fact that the plaintiff's vehicle was not in sight when affiant looked prior to entering the intersection, and because of the severe property damage to affiant's vehicle, it is affiant's best information that the plaintiff was going at an excessive and unreasonable rate of speed and is equally at fault for the accident.

■ It is apparent that Wilson has failed to establish either excusable neglect in failing to file a timely answer or the existence of a meritorious defense. With regard to the first element, it is clear that "carelessness is not synonymous with excusable neglect." *Hirsch v. National Van Lines, supra,* 136 Ariz. at 309, 666 P.2d at 54. "Rather, the test of what is excusable is whether the neglect or inadvertence is such as might be the act of a reasonably prudent person under similar circumstances." *Daou v. Harris, supra,* 139 Ariz. at 359, 678 P.2d at 940. In the context of an attorney's action or inaction, the Arizona cases have found excusable neglect where the attorney had established and was utilizing office procedures designed to ensure a timely response, but was "deflected from his purpose by one of the many interruptions that beset practitioners in modern law practice," *Addison v. Cienega, Ltd.,* 146 Ariz. 322, 705 P.2d 1373 (2 CA–CIV 5295, filed May 9, 1985), or where "the mistake or neglect ... was the type of clerical error which might be made by a reasonably prudent person who attempted to handle the matter in a prompt and diligent fashion." *City of Phoenix v. Geyler, supra,* 144 Ariz. at 332, 697 P.2d at 1082. Such is not the case here. Although counsel's affidavit indicates that he had established a procedure for responding to complaints, it is apparent by his own admission that his normal procedure was not followed. Although notes were taken of his conversation with the insurance adjuster, he failed to contact plaintiff's attorney and he failed to have his paralegal obtain a copy of the pleadings from the courthouse. While some "deflection" may be found at the time of his initial conversation as a result of his impending

departure for California, no effort was made upon his return to follow-up on the conversation as one of the items on his "action" list. Such inaction is more closely akin to carelessness, and clearly cannot be characterized as excusable neglect.

■ We also cannot agree that Wilson established the existence of a meritorious defense. It is true that the affidavits filed in support of a motion to set aside a judgment are not intended to be a substitute for a trial on the merits and that it is sufficient if the facts set forth therein, taken as true, show a substantial defense to the action. *Union Oil Co. of California v. Hudson Oil Co., supra; Hendrie Buick Company v. Mack,* 88 Ariz. 248, 355 P.2d 892 (1960). Such a defense cannot, however, be based on conclusions, assumptions or affidavits based on other than personal knowledge. *Richas v. Superior Court, supra.* As the supreme court stated in *Richas,* "[t]hough we acknowledge that the showing of a meritorious defense need not be strong, we hold that it must be greater than mere speculation." 133 Ariz. at 517, 652 P.2d at 1040. The only fact alleged in Wilson's affidavit is that he did not see the plaintiffs' car as he entered the intersection. From that, he concludes that the plaintiffs must have been speeding and were therefore "equally at fault." This is clearly insufficient, assuming as true the allegation that Wilson did not see the plaintiffs' car, we cannot find that plaintiffs' excessive speed is the only inference which may be drawn from that fact. In light of the evidence presented by the plaintiffs, through a police officer and an eyewitness, that Wilson was speeding, that the plaintiffs' car was not speeding and that Wilson failed to yield at an unmarked intersection to a car coming from the right, his affidavit constitutes mere speculation that a defense may exist. While Wilson was not required to present his entire defense by affidavit, something more than this unsupported conclusion was required to obtain relief under Rule 60(c).

In sum, we conclude that the trial court abused its discretion in granting Wilson's motion to set aside the default judgment. The order is therefore vacated.

HATHAWAY, P.J., and LIVERMORE, J., concur.