711 P.2d 657

Judy SAX, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, Honorable Robert B. Buchanan, a Judge thereof, Respondents,

and

Richard SETTLEMIRE and Kathy Settlemire, husband and wife, Real Parties in Interest.

No. 2 CA-SA 0296.

Court of Appeals of Arizona, Division 2, Department A.

Nov. 27, 1985.

Stompoly & Even, P.C. by L. Anthony Fines, Tucson, for petitioner.

Sean Connelly, Tucson, for real parties in interest.

## OPINION

FERNANDEZ, Judge.

Petitioner has brought this special action from the trial court's order setting aside a default. An order vacating an entry of default is not an appealable order, *Richas v. Superior Court,* 133 Ariz. 512, 652 P.2d 1035 (1982), and because we believe the trial court abused its discretion in entering the order, we assume jurisdiction and grant relief.

The real parties in interest were served with a summons and complaint on January 24, 1985. They were required to file an answer by February 13. Rule 12(a), Rules of Civil Procedure, 16 A.R.S. On February 15 they had not filed an answer and default

was entered. Thereafter, counsel for the parties spoke by telephone regarding the default. On March 6 counsel for petitioner sent counsel for the real parties in interest a letter that stated:

"I received a copy of your answer on March 1, 1985. I took a default against you on February 15, 1985. I enclose a copy for your reference. My understanding from our conversation was that you would file a motion to set aside the default. If you do not intend to file that motion, I will enter judgment on the default."

The real parties in interest did not move to set aside the default, and on April 19 petitioner gave Notice of Intent to take Default Judgment on May 2. On May 1, however, the real parties in interest filed their motion to set aside default. The motion was supported only by the affidavit of their attorney. It did not attempt to establish a defense. Petitioner filed an opposition to the motion, urging that it be denied because of the delay in filing the motion and because the real parties in interest had not established a meritorious defense. On July 17, the real parties in interest filed a reply to the opposition in which they outlined a meritorious defense. Their explanation for the delay in filing the initial motion to set aside default was that counsel believed from the telephone conversation with petitioner's counsel that the motion to set aside default would be filed after a judgment had been entered. On September 5, the respondent court set aside the default.

■■■ It is true that the law favors resolution of litigation on the merits; therefore, when considering a motion to set aside a default, all doubts are to be resolved in favor of the defaulted party. *Richas v. Superior Court*, supra; *Union Oil Company of California v. Hudson Oil Company*, 131 Ariz. 285, 640 P.2d 847 (1982). The trial court is given broad discretion, and its ruling is not to be disturbed unless a clear abuse of discretion is shown. *Union Oil Company*, supra. However, the trial court's exercise of that discretion is to be based on legal criteria and is to be supported by substantial evidence. The legal criteria which a court is to consider on a motion to set aside a default are: 1) did the defendant act promptly in seeking relief from the entry of default; 2) was the failure to file a timely answer due to mistake, inadvertence, surprise or excusable neglect; and 3) did the defendant establish a meritorious defense? *United Imports and Exports, Inc. v. Superior Court*, 134 Ariz. 43, 653 P.2d 691 (1982); *Addison v. Cienega, Ltd.*, 146 Ariz. 322, 705 P.2d 1373 (App. 1985). Our supreme court stated in *Richas:*

"Thus, although the trial court has broad discretion to resolve all doubts in favor of setting aside the entry of default or the judgment by default, 'the discretion thus vested in the court is a legal, and not an arbitrary or personal discretion. There must be some legal justification for the exercise of the power, some substantial evidence to support it.' [citations omitted] Thus, a proper showing of facts is 'a prerequisite to the exercise' of the discretion given the trial court." 133 Ariz. at 514, 652 P.2d at 1037.

We do not believe the facts of this case allowed the trial court to find that the failure of the real parties in interest to file a timely answer was due to mistake, inadvertence, surprise or excusable neglect.

The attempt to establish excusable neglect was based on the affidavits of counsel and his secretary. The secretary's deposition was before the trial court at the hearing on the motion to set aside the default. She testified that the attorney hand-wrote the answer and gave it to her to type with no due date on it and no mention of when the answer was due. The handwritten answer was placed in a box with other papers to be typed for the attorney. The secretary, a legal secretary for eight years, had been working for the attorney for only a short time. Counsel, a sole practitioner, shared her with two other lawyers. Her duties were limited to typing and opening the mail. Each lawyer was responsible for maintaining his or her own calendar. The secretary testified that she was very busy at the time because she was only working

part-time and was training on a new word processor. It was established that there was no priority system given to the secretary to determine which papers should be typed first. It was brought out that she sometimes would not look through counsel's typing box for up to five consecutive days. Counsel now avers that after this default, a priority system was set up to advise the secretary which items should be typed first. On February 27 the secretary discovered the handwritten answer and advised counsel. The answer was thereafter typed and filed. Counsel claims that his failure to notice that the typed answer did not arrive back on his desk for signature and verification and his apparent failure to instruct her on its due date were due to his being involved in two trials at the time.

■ Mere carelessness will not suffice to establish excusable neglect, nor will inadvertence or forgetfulness. *Daou v. Harris*, 139 Ariz. 353, 678 P.2d 934 (1984); *Hirsch v. National Van Lines, Inc.*, 136 Ariz. 304, 666 P.2d 49 (1983). In order to establish excusable neglect, a moving party must show that he acted as a reasonably prudent person under the circumstances. *Daou v. Harris*, 139 Ariz. at 359, 678 P.2d at 940. Our supreme court stated in *Hirsch*:

"'If a default judgment is acquired because of a party's mere neglect, inadvertence or forgetfulness without any reasonable excuse therefor, the judgment will not be disturbed and the neglecting party must suffer the consequences. The general test of what is excusable is whether the neglect or inadvertence is such as might be the act of a reasonably prudent person under the circumstances'". 136 Ariz. at 309, 666 P.2d at 54, quoting *Coconino Pulp and Paper Co. v. Marvin*, 83 Ariz. 117, 120, 317 P.2d 550, 552 (1957).

Neglect has sometimes been found to be excusable when it results from the mistake of a lawyer's secretary. The thread running through the cases is that the secretaries have specific duties to calendar due dates or to remind counsel to file pleadings and when the secretaries fail in their duties, the courts find excusable neglect because a reasonably prudent attorney is entitled to assume the secretary will perform his or her assigned duties. See *Cook v. Industrial Commission of Arizona*, 133 Ariz. 310, 651 P.2d 365 (1982), which collects the pertinent cases. In *Cook*, a temporary secretary had put the wrong name of a pleading on the lawyer's calendar. In *Kohlbeck v. Handley*, 3 Ariz.App. 469, 415 P.2d 483, 21 A.L.R.3d 1248 (1966), the secretary with the duty to remind the lawyer of a due date forgot to remind him. In *Coconino Pulp and Paper Co.*, supra, the secretary in a large law firm who had the duty to prepare and distribute the calendar to every attorney neglected to distribute the calendar sheet to one associate attorney.

In *Almarez v. Superior Court*, 146 Ariz. 189, 704 P.2d 830 (App.1985), this court stated:

"In the context of an attorney's action or inaction, the Arizona cases have found excusable neglect where the attorney had established and was utilizing office procedures designed to ensure a timely response, but was 'deflected from his purpose by one of the many interruptions that beset practitioners in modern law practice,' [citation omitted] or where 'the mistake or neglect ... was the type of clerical error which might be made by a reasonably prudent person who attempted to handle the matter in a prompt and diligent fashion.'" 146 Ariz. at 192, 704 P.2d at 833, quoting *Addison v. Cienega, Ltd.*, supra, and *City of Phoenix v. Geyler*, 144 Ariz. 323, 697 P.2d 1073 (1985). Defaults have not been set aside when the failure to answer resulted from the lack of a reasonably prudent office procedure designed to ensure that answers were timely filed. See *Davis v. Safeway Stores, Inc.*, 532 F.2d 489 (5th Cir.1976); *Richas v. Superior Court*, supra.

■ In the case presently before us, the real parties in interest failed to establish that counsel had an office procedure designed to ensure that court dates were met.

Indeed, the secretary here was under no duty to calendar due dates or to remind counsel to file pleadings. She apparently was not told when the answer was due, and office procedure allowed her to leave counsel's typing box unchecked for periods up to five consecutive days. We believe the failure to file the answer was solely due to counsel's carelessness. In order for the trial court to have set aside this default, it must have found, after the presentation of substantial evidence, that the three-prong test of *Richas* had been met. To set aside a default without substantial evidence as to each of the prongs amounts to an abuse of discretion. *Richas*, supra; United Imports and Exports, Inc. v. Superior Court, supra. Here we do not believe the evidence was sufficiently substantial to justify a finding that the failure to file a timely answer was due to excusable neglect. Therefore, the judge's order setting aside the default was an abuse of discretion and the order is vacated. The case is remanded to the trial court, and the court is ordered to enter the default.

Relief granted.

BIRDSALL, P.J., and HOWARD, J., concur.