NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In Re The Matter Of

CHARLENE MURILLO,
*Petitioner/Appellant*,

v.

MICHAEL TUCKETT,
*Respondent/Appellee*.

No. 1 CA-CV 18-0766 FC
1 CA-CV 18-0768 FC
(consolidated)

FILED 10-6-2020

Appeal from the Superior Court in Maricopa County
No. FC2016-002138
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Law Office of M. Dawn Lloyd, PLLC, Mesa
By M. Dawn Lloyd
*Counsel for Petitioner/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

_____

**W E I N Z W E I G**, Judge:

¶1            Charlene Murillo ("Mother") appeals the superior court's denial of her motion for relief and motion to reconsider.  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2            Mother and Father divorced in 2016.  The superior court issued the final decree in August 2016, which recognized that the parents would share joint legal-decision-making authority and equally divide parenting time for their two minor children.  In February 2018, however, Mother moved the court for an emergency temporary order to modify legal decision-making, child custody, parenting time and child support.  In support, Mother pointed to allegations of domestic abuse involving Father, his current girlfriend and his girlfriend's children.

¶3            At the MTO hearing, the court denied Mother's motion, ordered mediation and set an evidentiary hearing for March 14.  From there, the hearing was continued five times to indulge Mother's desire to change counsel and account for scheduling issues.  Father unsuccessfully tried to settle the dispute in April and July, offering continued recognition of joint legal decision-making and equal parenting time with minor procedural modifications to children exchanges.

¶4            At the ultimate hearing on August 2, the parties reached and reported a settlement that mirrored Father's earlier settlement offer, leaving the original decree largely intact with modifications.  The court accepted the modified parenting agreement and twice informed the parties in writing that any application for attorney's fees and costs would be "due within 30 days" from the hearing, meaning on or before September 3.

¶5            Father applied for fees on August 31. Mother applied for fees on September 10, seven days after the deadline, because her attorney incorrectly understood the application as due within thirty days from the court's August 17 minute entry.  Father successfully moved to strike Mother's application as untimely.  The court also granted Father's fee

application, awarding him $10,000 in attorney's fees. Mother followed with several unsuccessful motions, including motions to reconsider and for relief pursuant to Arizona Rules of Family Law Procedure 85(C)(1)(a) (2016), arguing the court should have considered her fee application and rejected Father's application. Mother timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A).

## DISCUSSION

**¶6** Mother challenges the superior court's denial of her motion for relief and motion for reconsideration. Father filed no responsive brief. We consider the merits of this appeal in our discretion. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).

### A. Motion for Relief

**¶7** The superior court may grant relief from a final order or judgment under Rule 85(C)(1)(a), Ariz. Fam. Law P., when it finds mistake, inadvertence or excusable neglect. The rule is intended "to provide relief for those mistakes and errors which inevitably occur despite diligent efforts to comply with the rules," and its application hinges on proof of diligence. *See, e.g.*, *City of Phoenix v. Geyler*, 144 Ariz. 323, 332-33 (1985). Mother contends that the superior court abused its discretion by denying her motion for relief based on excusable neglect. We review the superior court's ruling on a motion for relief for abuse of discretion and will affirm the superior court's decision "where any reasonable view of the facts and law might support the judgment." *Geyler*, 144 Ariz. at 328, 330.

**¶8** The court did not abuse its discretion on this record. The court recognized that Mother had ignored other important deadlines in the proceeding, including the deadlines to file a pre-hearing statement and provide exhibits, and described it as "inconceivable [that Mother] would not have had a heightened sense of diligence" to meet all future deadlines. The court also found that Mother had notice of the fee application deadline.

**¶9** Even so, Mother contends her calendaring error was reasonable and excusable neglect given Father's repeated changes in counsel and frequent rescheduling of the hearing. But Mother did not establish that she or her counsel acted as "a reasonably prudent person under similar circumstances," *Daou v. Harris*, 139 Ariz. 353, 359 (1984), which generally requires a showing of "specific duties to calendar due dates or to remind counsel to file pleadings." *Sax v. Superior Court*, 147 Ariz. 518, 520 (App. 1985). The record reflects that Mother's counsel was careless, which caused the late filing, but her counsel offered no evidence or

argument about the reliability of her calendaring procedures and use of systems to track deadlines. *See Sax*, 147 Ariz. at 520-21 (App. 1985) (finding that when the party seeking relief fails to "establish that counsel had an office procedure designed to ensure that court dates were met . . . the failure to file the answer was solely due to counsel's carelessness"); *see also Daou*, 139 Ariz. at 359 (finding that carelessness does not constitute excusable neglect).

### B.      Motion for Reconsideration

**¶10**         Mother next challenges the court's resolution of the parties' fee applications.  We review for an abuse of discretion.  *Tilley v. Delci*, 220 Ariz. 233, 238 (App. 2009).  The superior court may award attorney fees under A.R.S. § 25-324 "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." The court found "no substantial disparity of financial resources between the parties," and found that Mother acted unreasonably by rejecting and later accepting Father's settlement offers.

**¶11**         The record supports both findings.  As to financial resources, Father earned $60,000 per year and Mother earned around $54,000, which is not a substantial disparity.  *In re Marriage of Robinson*, 201 Ariz. 328, 335 (App. 2001) ("It is an abuse of discretion to deny attorneys' fees to the spouse who has *substantially* fewer resources." (quotation omitted, emphasis added)).  Mother also contends that her pregnancy was relevant to the parties' financial circumstances.  But Mother did not raise this argument in the superior court and thus waived it here.  *Kimu P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 39, 44, ¶ 6, n.3 (App. 2008) (noting the court of appeals does not consider arguments raised for the first time on appeal).  The court did not abuse its discretion, and so we will not disturb the court's findings.  *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 351 (App. 1998).

**CONCLUSION**

**¶12**        We affirm.  Mother requests an award of attorney's fees and costs on appeal pursuant to A.R.S. § 25-324, which we decline in our discretion.



AMY M. WOOD • Clerk of the Court
FILED:    AA