NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of

$200.00 (TWO HUNDRED DOLLARS) UNITED STATES CURRENCY,
*et al.*

STATE OF ARIZONA, *Plaintiff/Appellee*,

*v.*

ARIK TASA-BENNETT, *Defendant/Appellant*.

No. 1 CA-CV 19-0825
FILED 2-25-2021

Appeal from the Superior Court in Maricopa County
No. CV2018-015212
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Kenneth R. Hughes
*Counsel for Plaintiff/Appellee*

Lorona Mead, PLC, Phoenix
By Jess A. Lorona
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

---

**S W A N N**, Chief Judge:

¶1 Arik Tasa-Bennett appeals the superior court's order denying his motion for relief from judgment and motion for leave to file an amended answer. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 In December 2018, the state filed a notice of pending forfeiture for property it had seized in a criminal investigation. The notice of pending forfeiture indicated several defendants' alleged involvement in various crimes, including trafficking in stolen property, fraudulent schemes and artifices, theft, illegal conduct/conducting an enterprise, participating or assisting in a criminal syndicate, and money laundering. The property at issue had been primarily involved in a scheme to traffic stolen or fraudulently obtained cellphones.

¶3 Tasa-Bennett was included on the notice of forfeiture and later submitted a verified claim to some of the property in question. The state then filed a verified complaint. Tasa-Bennett answered, but failed to verify the answer under penalty of perjury as required by A.R.S. § 13-4311(G). Based on Tasa-Bennett's failure, the state proceeded with default proceedings by applying for an order of forfeiture, which the superior court granted.

¶4 Tasa-Bennett filed a motion for relief from the order of forfeiture pursuant to Ariz. R. Civ. P. ("Rule") 60 and a motion for leave to file an amended answer. In the motion, Tasa-Bennett argued excusable neglect should allow relief from the order of forfeiture and he should be allowed to amend his answer to include the proper signature. He also argued there was no probable cause for forfeiture. The superior court denied the motion, ruling that Rule 60 did not apply, and even if Rule 60 did apply, Tasa-Bennett had not shown excusable neglect. Tasa-Bennett timely appeals.

## DISCUSSION

### I. RULE 60 APPLIES TO JUDICIAL FORFEITURE PROCEEDINGS.

**¶5** We review the superior court's application and interpretation of rules and statutes de novo. *In re $2,390 in U.S. Currency*, 229 Ariz. 514, 516, ¶ 5 (App. 2012); *Fisher v. Edgerton*, 236 Ariz. 71, 74, ¶ 7 (App. 2014). At the outset, Tasa-Bennett argues the superior court erred in determining Rule 60 does not apply to judicial forfeiture proceedings.

**¶6** To consider the applicability of Rule 60, we must look to the statutory forfeiture procedure. Judicial *in rem* forfeiture proceedings are governed by A.R.S. § 13-4311, and such proceedings "are governed by the Arizona rules of civil procedure unless a different procedure is provided by law." A.R.S. § 13-4311(B). After receiving notice that the state had initiated forfeiture proceedings, Tasa-Bennett filed a claim with the superior court by following the procedures in § 13-4311(E). The state then filed a verified complaint according to § 13-4311(B). Under the statutory scheme, it was then Tasa-Bennett's obligation to file an answer pursuant to the requirements of § 13-4311(G); he failed to do so. This failure allowed the state to proceed with forfeiture under §§ 13-4311(G) and 13-4314, which the court granted. An order of forfeiture is the "functional equivalent of a default judgment." *State v. Jackson*, 210 Ariz. 466, 469, ¶ 13 (App. 2005).

**¶7** The forfeiture statutes are silent on a method for relief from an order of forfeiture—other than to indicate that the civil procedure rules apply when our statutes provide no other procedure. A.R.S. 13-4311(B). Rule 60 allows relief from a default judgment in certain situations. As relevant here, Rule 60(b)(1) may provide relief in the case of "mistake, inadvertence, surprise, or excusable neglect." The superior court determined that the legislature intended to depart from Rule 60 based on the process and intent behind judicial forfeiture. Specifically, the superior court wrote that it "cannot conclude that the Legislature intended to allow a party that had failed to file a timely, proper answer to be granted relief from judgment in judicial in rem proceedings at the discretion of the Court."

**¶8** Despite the superior court's concern, we have applied Rule 60 to judicial forfeiture actions. *See, e.g.*, *Jackson*, 210 Ariz. at 468–69, ¶¶ 11–14 (applying Rule 60 to determine if appellant could obtain relief from an order of forfeiture); *see also State ex rel. Horne v. Anthony*, 232 Ariz. 165, 169, ¶¶ 19–22 (App. 2013) (noting that a remedy after default under A.R.S. § 13-4311(G) is to file a Rule 60 motion); *State ex rel. Brnovich v. Culver*, 240 Ariz.

18, 19–20, ¶ 4 (App. 2016) (determining a defendant must have standing before seeking Rule 60 relief in a forfeiture case). Though the state effectively urges us to reject *Jackson* and similar authorities, we decline to do so.

**¶9** Because Rule 60 applies, we review the superior court's denial of Tasa-Bennett's motion for abuse of discretion. *Searchtoppers.com, L.L.C. v. TrustCash LLC*, 231 Ariz. 236, 241, ¶ 20 (App. 2012). The decision to set aside a default judgment under Rule 60 "lies entirely within the discretion of the trial court." *Gen. Elec. Capital Corp. v. Osterkamp*, 172 Ariz. 191, 193 (App. 1992). A court abuses its discretion if there is no evidence to support its conclusion or the conclusion is legally incorrect, clearly untenable, or a denial of justice. *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17 (App. 2006); *see City of Phoenix v. Geyler*, 144 Ariz. 323, 330 (1985).

**¶10** The court decided that in the event Rule 60 does apply to judicial forfeiture cases, Tasa-Bennett had not shown excusable neglect under subsection (b)(1) and therefore could not obtain relief from the default judgment. Tasa-Bennett argues his failure to file a proper answer amounts to excusable neglect because "of the many interruptions that beset practitioners in modern law practice." A court may find excusable neglect if a reasonably prudent person would have acted the same in those circumstances. *Jackson*, 210 Ariz. at 469–70, ¶ 15. "Mere carelessness will not suffice to establish excusable neglect, nor will inadvertence or forgetfulness." *Sax v. Superior Court (Settlemire)*, 147 Ariz. 518, 520 (App. 1985).

**¶11** The verification requirement in this context is not a creature of the rules of civil procedure, but of statute. When a clear command from the Legislature falls within its constitutional power, we are not free to ignore it. The forfeiture statutes impose only two specific requirements for a "proper answer": timeliness and signature under penalty of perjury. A.R.S. § 13-4311(G). Otherwise, the consequence is clear: the state "shall" file for default. *Id.* The trial court evaluated Tasa-Bennett's reasons—which essentially amounted to interoffice miscommunications—for failing to file a proper answer. But the court also received evidence that it was not the only forfeiture case in which Tasa-Bennett's counsel had filed an answer missing a signature under penalty of perjury. It was for the superior court to weigh those facts, and we do not reweigh conflicting evidence. *In re Estate of Pouser*, 193 Ariz. 574, 579, ¶ 13 (1999); *Ruesga v. Kindred Nursing Centers, L.L.C.*, 215 Ariz. 589, 597, ¶ 27 (App. 2007). Accordingly, there were sufficient facts for the court to find an absence of excusable neglect. Tasa-Bennett has shown no abuse of discretion.

## II. TASA-BENNETT'S PROPOSED AMENDED ANSWER WAS FUTILE.

¶12 We review a denial of leave to amend for abuse of discretion and will affirm such a denial if it is correct for any reason. *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R.*, 231 Ariz. 517, 519, ¶ 4 (App. 2013). Under Rule 15(a)(1), "[l]eave to amend shall be freely given when justice requires." A court may deny leave to amend if there is undue delay, bad faith, undue prejudice, or futility in the amendment. *MacCollum v. Perkinson*, 185 Ariz. 179, 185 (App. 1996). In the forfeiture context, we have determined that a claimant's filing must meet substantive requirements before a court should consider whether to grant leave to amend. *In re $70,269.91 U.S. Currency* ("*Benson*"), 172 Ariz. 15, 20–21 (App. 1991). Though the superior court in this instance did not state the basis for denying Tasa-Bennett's motion, "we will affirm if the result is correct for any reason." *Tumacacori Mission Land Dev., Ltd.*, 231 Ariz. at 519, ¶ 4.

¶13 Tasa-Bennett argues the superior court abused its discretion in denying his request for leave to amend his answer. But as discussed above, a "proper answer" requires timeliness and a signature under penalty of perjury. A.R.S. § 13-4311(G). Both requirements are substantive. *Benson*, 172 Ariz. at 20–21. And "[i]f no proper answer is timely filed" the state "shall" proceed to default, which is precisely what happened here. A.R.S. § 13-4311(G).

¶14 As support for his argument that the superior court wrongfully denied him leave to amend, Tasa-Bennett argues the statutory requirement that he sign his answer under penalty of perjury is a mere technicality, and the court should allow him to "correct technical inadequacies." *See Benson*, 172 Ariz. at 20–21. But *Benson* clearly established that verification under penalty of perjury was a substantive issue in a forfeiture action. *Id.* at 20. *Benson* further determined that only once substantive concerns were met should the court consider whether to allow amendment to correct technical defects. *Id.* at 20–21; *State ex rel. Goddard v. Ochoa*, 224 Ariz. 214, 217–18, ¶ 11 (App. 2010).

¶15 Further, we have held that in the forfeiture context, failure to file a proper, timely answer constitutes default, and there is no extended time to file an answer in the case of default. *State ex rel. Horne*, 232 Ariz. at 169, ¶ 16 ("[T]he failure to timely file [an answer] constituted a default and deprived Appellants of an extended time to answer."); *see* A.R.S. § 13-4311(G). Therefore, Tasa-Bennett's proposed amended answer—which included his signature under penalty of perjury—would have been futile,

because the statute requires a proper answer be filed in the requisite timeframe. *See* A.R.S. § 13-4311(G). Accordingly, the court did not abuse its discretion in denying Tasa-Bennett leave to amend.

### III.     TASA-BENNETT WAIVED HIS PROBABLE CAUSE ARGUMENT.

**¶16**     We review questions of law, such as a superior court's probable cause finding, de novo. *In re Twenty-Four Thousand Dollars ($24,000) in U.S. Currency*, 217 Ariz. 199, 202, ¶ 12 (App. 2007). Tasa-Bennett argues there was no probable cause for forfeiture because he was not convicted of or even indicted for the crimes that gave rise to the forfeiture. Tasa-Bennett's argument on this point contains no citations to the record as required by the appellate rules of procedure, and it references many facts entirely outside the record. ARCAP 13(a)(7).

**¶17**     Even assuming Tasa-Bennett has not waived this argument, *see Stafford v. Burns*, 241 Ariz. 474, 483, ¶ 34 (App. 2017), the argument would fail. The state sought forfeiture pursuant to various statutes, none of which require an indictment or criminal conviction as a condition for forfeiture. *See In re 1996 Nissan Sentra*, 201 Ariz. 114, 118, ¶ 12 (App. 2001); A.R.S. §§ 13-1802, -2307, -2308, -2310, -2312, -2317. The state's complaint and application for forfeiture both presented allegations of an illegal scheme and of Tasa-Bennett's involvement in the scheme, through his property, proximity, and otherwise. The court had probable cause to support the forfeiture.

### CONCLUSION

**¶18**     The superior court did not abuse its discretion in denying Tasa-Bennett's Rule 60 motion and motion to amend his answer. Accordingly, we affirm the court's order.



AMY M. WOOD • Clerk of the Court
FILED:   AA