NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO L.F.

No. 1 CA-JV 24-0159

FILED 12-19-2025

---

Appeal from the Superior Court in Maricopa County
No.  JD532717
JS520802
The Honorable Michael C. Blair, Judge

**AFFIRMED**

---

COUNSEL

John L. Popilek PC, Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Ingeet Pandya
*Counsel for Appellee Department of Child Safety*

Law Office of C B Niven PLLC, Scottsdale
By Crystal Beitler Niven
*Counsel for Appellee Child*

Law Office of Ed Johnson PLLC, Peoria
By Edward D. Johnson
*Counsel for Appellee Placement*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Andrew M. Jacobs joined.

---

**C A T L E T T**, Judge:

**¶1**        After Michael F. ("Father") missed a pretrial conference, the juvenile court held an accelerated termination hearing and terminated Father's parental rights to L.F. ("Child").   Father asked the court to reconsider termination, which the court treated as a request to set aside termination and then denied.  Father appeals, arguing the court applied an incorrect standard in denying his motion.  We affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In June 2023, the Department of Child Safety ("Department") received a report that police found Father in a car smoking fentanyl with Child in the backseat.  A month later, Child's maternal grandparents ("Grandparents") notified the Department that Father left Child with them with no return date.  The Department petitioned to have Child declared dependent due to Father's substance abuse, which the court granted in October 2023.

**¶3**        The Department unsuccessfully tried to contact Father to enroll him in services to treat substance abuse.  Father did not visit or otherwise contact Child or support Child in any manner.  In March 2024, Grandparents petitioned to terminate Father's parental rights based on abandonment and chronic substance abuse.  A.R.S. § 8-533(B)(1), (3).

**¶4**        Due to difficulty locating Father, the court did not hold an initial termination hearing until July 2024.  When that hearing finally

occurred, Father accepted service and waived any defects. The court notified Father that if he failed without good cause to attend certain proceedings—including a pretrial conference—the court could deem that a waiver of his parental rights and an admission to the allegations in the petition and then proceed in his absence with a termination adjudication hearing. A.R.S. §§ 8-535(E)(3), -537(C); Ariz. R.P. Juv. Ct. 352(d)(3). After the initial hearing, the Department again tried to contact Father at the number he provided, but he did not respond.

**¶5** Despite the court's notice, Father failed to appear at a pretrial conference, and his counsel could not explain his absence. The court found Father failed to appear without good cause and by not appearing, waived his rights. The court held an accelerated termination hearing. *See* A.R.S. § 8-537(C); Ariz. R.P. Juv. Ct. 351(c). The court received evidence, including evidence from Child's 2019 dependency action involving Father, and allowed Father's counsel to participate.

**¶6** The Department's case specialist testified that, in her opinion, Father could not discharge his parental duties due to his history of chronic substance abuse and inability to maintain sobriety. The specialist based her opinion on Child's prior dependency involving Father for substance abuse, his admitted use of substances, his multiple convictions for drug-related offenses, and his refusal to participate in any treatment or drug tests with the Department in Child's second dependency. The specialist also confirmed Father had not given any reason for not contacting Child since July 2023 and is unable to maintain a normal parental relationship with Child or provide support. The specialist agreed terminating Father's rights was in child's best interests because doing so would provide permanence and stability and Grandparents were willing to adopt.

**¶7** Based on this testimony and evidence, the court found Grandparents sufficiently proved both statutory grounds and that termination was in Child's best interests. The court entered an order with findings terminating Father's rights.

**¶8** Father timely appealed. We stayed the appeal and revested jurisdiction in the juvenile court to resolve any outstanding discovery issues related to documents the Department did not disclose before termination. *See* Ariz. Ct. App., Div. 1, Admin. Ord. 2024-08.

**¶9** Back in the juvenile court, Father asked the court to reconsider its termination order. Father argued he had good cause for not appearing— he was incarcerated and unable to contact his counsel. In his motion,

however, Father did not argue he had a meritorious defense against termination.

**¶10** Regardless, the court treated the motion as seeking to set aside a judgment under Rule of Procedure for the Juvenile Court 318(c) and held an evidentiary hearing. When asked about Father's meritorious defense, his counsel asserted that, based on the documents the Department disclosed late, there was "some indication" Father received "treatment on and off throughout" this action that "may" impact the court's termination. Counsel did not identify the documents supporting that statement or present any other argument. The court responded that "it sound[ed] like substance abuse [was] still an issue." The court also explained that it had reviewed the new documents, and they would not have impacted its termination decision.

**¶11** The court accepted that Father had shown good cause for his absence. But finding Father failed to present a meritorious defense, the court denied his motion. The court documented its ruling in two minute entries, one denying Father's motion and the other addressing the newly disclosed documents. In the latter minute entry, the court explained that, after a "thorough review" of the documents, none were "material" and they "would not have impacted" termination.

**¶12** Father did not timely appeal the court's order denying his motion for reconsideration, so the Department moved to dismiss his appeal. We stayed the appeal so Father could ask the juvenile court permission to file a delayed appeal, which the court granted. Father then filed his notice of appeal. Ariz. R.P. Juv. Ct. 603(a)(5). We have jurisdiction. A.R.S. § 8-235(A); Ariz. R.P. Juv. Ct. 601(b)(2)(L).

## DISCUSSION

**¶13** Father argues the juvenile court abused its discretion by denying his motion to set aside termination. He argues the court applied an incorrect standard, and his counsel's assertion that he intermittently underwent drug treatment was a sufficiently meritorious defense.

**¶14** We review the denial of a motion to set aside termination for an abuse of discretion. *Trisha A. v. Dep't of Child Safety*, 247 Ariz. 84, 91 ¶ 27 (2019). To set aside termination, a party must demonstrate good cause for failing to appear *and* a meritorious defense to the proven grounds for termination. *Id.* at 89 ¶ 19. The Department does not dispute that Father established good cause for failing to appear. So we consider only whether

4

the court erred in concluding that Father did not sufficiently assert a meritorious defense.

¶15        A meritorious defense is required because "the motion to set aside seeks to overcome the presumptively valid judgment's finality." *Id.* ¶ 22. A motion to set aside termination must present "a good faith basis upon which" the court could find no "statutory basis for termination and/or that termination is not in the best interests of the child." *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304 ¶ 15 n.11 (App. 2007); *see also Union Oil Co. of Cal. v. Hudson Oil Co.*, 131 Ariz. 285, 289 (1982) (the movant must show "facts which, if proven at trial, would constitute a meritorious defense"). Here, the court found two statutory grounds for termination—abandonment and chronic substance abuse—and that termination was in Child's best interests. *See* A.R.S. § 8-533(B)(1), (3). For Father to prevail, his evidence must undercut (at least to some extent) both statutory grounds and the court's best interests finding.

¶16        Father argues the court erred because it required him to demonstrate that substance abuse was no longer "an issue." Father misconstrues the court's response to counsel's assertion that documents the Department disclosed indicate he intermittently received treatment before termination. In addition to saying it sounded like substance abuse was still an issue, the court explained that it had reviewed the newly disclosed documents, and none would have impacted termination, including its finding that termination was justified based on chronic substance abuse. In context, the court did not deny the motion because it thought Father had to prove that substance abuse was no longer an issue. Rather, it concluded that Father's defense—that new documents showed he may have received some treatment "on and off" for substance abuse—did not sufficiently undercut termination based on chronic substance abuse.

¶17        That conclusion was correct. Father argues his counsel's statements were sufficient to show a meritorious defense. But Father has not established that his counsel's assertion about intermittent drug treatment—or the unidentified documents counsel relied on—undercut any of the court's termination findings.

¶18        Even taking counsel's statement as true, it would establish only that Father sometimes received treatment for substance abuse before termination. That would not undercut the court's ultimate finding that Father "is unable to discharge parental responsibilities because of a history of chronic abuse of dangerous drugs, controlled substances and/or alcohol[.]" Counsel's statement does not, for example, sufficiently undercut

the court's finding that for over a year, "Father refused to communicate with the Department and failed to engage in services meant to address his substance abuse issues." And it does not undercut the other record evidence supporting the court's findings. For example, the Department's specialist testified about Father's history of chronic substance abuse starting in 2019 during Child's first dependency and continuing during Child's second dependency.

¶19 Although showing a meritorious defense presents a "minimal burden," *Trisha A.*, 247 Ariz. at 90 ¶ 26, conclusory statements, assumptions, or bare assertions are insufficient. *Christy A.*, 217 Ariz. at 305 ¶¶ 18–19. But that is all Father offered. Because counsel's statement about intermittent treatment does not undercut the court's findings or the evidence on which they were based, the court did not err in finding that Father failed to present a meritorious defense to termination based on chronic substance abuse. *See Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379 ¶¶ 27, 29 (App. 2010) (a parent's history of drug use, positive drug tests, and failure to submit to drug testing is "evidence [the parent] has not overcome his" substance abuse, and that such abuse is chronic and would continue).

¶20 In any event, as the Department points out, Father has never asserted any defense against the abandonment ground for termination. So even if counsel's conclusory statements about substance abuse treatment established a meritorious defense to the chronic substance abuse ground, termination based on abandonment would remain valid. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251¶ 27 (2000) (where there are multiple statutory grounds for termination, if the court affirms on any ground, then it need not consider others). On that basis, too, the court did not err in denying Father's motion to set aside.

## CONCLUSION

¶21 We affirm the juvenile court's denial of Father's motion to set aside termination of his parental rights to Child.

