[Civil No. 474.   Filed January 18, 1896.]

[43 Pac. 220.]

## JOHN PEMBERTON, Defendant and Appellant, v. W. H. DURYEA, Plaintiff and Appellee.

1. ANSWER—TIME TO—COMPUTATION OF—HOLIDAYS—SUNDAY—DEFAULT —REV. STATS. ARIZ. 1887, PARS. 696 (SUBD. 1), 2069, 2068, CONSTRUED.—Paragraph 696, *supra,* provides: "The time in which summons shall require the defendant to answer the complaint shall be as follows: (1) If the defendant is served within the county in which the action is brought, ten days." Paragraph 2069, *supra,* provides: "The time in which any act provided by law to be done, is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded." Paragraph 2068, *supra,* provides that every Sunday is a legal holiday. Where summons was served upon April 11, 1895, in the county where suit was brought, and default and judgment was entered on April 22, 1895, such default and judgment was premature, April 21st being Sunday, and thus defendant had all of the following day, the 22d, in which to file his answer.

2. SAME—SAME—DEFAULT—PREMATURE—SETTING ASIDE—AFFIDAVIT OF MERITS.—Where the statutory time for answer has not expired, defendant has an absolute right to have a premature judgment set aside, upon motion, without an affidavit of merits.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Gila.   Owen T. Rouse, Judge.   Reversed.

The facts are stated in the opinion.

P. M. Thurmond, for Appellant.

Peter T. Robertson, for Appellee.

BAKER, C. J.—The action was brought upon a promissory note for three hundred and fifty dollars, with interest, executed by the appellant, payable to the order of L. K. Smith, and transferred by Smith to appellee.   The note is alleged to be lost.   Summons was served upon appellant on the eleventh day of April, 1895, in Gila County, and on the twenty-second day of April, 1895, the default of appellant was entered; and on the same day (April 22d) final judgment was entered

against him in the suit for the sum of four hundred and ninety-four dollars, the amount claimed to be then due on said lost note, principal, and interest. On the twenty-seventh day of April, 1895, being a day of the same term, the appellant moved the court to set aside the judgment against him, and that he be allowed to appear and defend against the note, for the reason that such judgment was entered before the time to answer or appear in the suit had expired. The motion was accompanied by an affidavit of merits. It was heard on April 29, 1895, and denied. This action of the court is assigned as error.

The judgment was unquestionably premature. "The time in which summons shall require the defendant to answer the complaint shall be as follows: (1) If the defendant is served within the county in which the action is brought, ten days." Rev. Stats., par. 696, subd. 1. "The time in which any act provided by law is to be done, is computed by excluding the first day and including the last, unless the last day is a holiday; and then it is also excluded." Id., par. 2069. Every Sunday is declared to be a legal holiday by paragraph 2068 of the Revised Statutes of Arizona. The tenth day, computed by excluding the first and including the last, and upon which the appellant was to answer in the suit, fell on Sunday, April 21st; but, as this was a legal holiday, it is also to be excluded. Thus, the appellant had all of the following day, April 22d, in which to file his answer. He therefore was not in default when the judgment was entered against him. He had nothing to excuse. The statutory time for answering had not yet expired. His right to have the default set aside, and be heard to defend, was absolute. No affidavit of merits was necessary. 1 Black on Judgments, sec. 347. The entering of the judgment was unseasonable, and it should have been vacated by the court upon its attention being called thereto, and the appellant allowed to defend, without requiring any affidavit of merits whatever. Judgment reversed, and case remanded for further proceedings.

Hawkins, J., and Bethune, J., concur.