798 P.2d 383

Leo CORBET, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, and the Honorable Armando deLeon and the Honorable Pamela J. Franks, Judges Thereof, Respondents,

and

Turco/K.A.S.I.E., an Arizona General Partnership, Real Party in Interest.

No. 1 CA–SA 89–261.

Court of Appeals of Arizona, Division 1, Department B.

March 6, 1990.

Review Denied Sept. 18, 1990.

William A. Harrell, Phoenix, for petitioner.

Barry Allen Reiss, Phoenix, for real party in interest.

## OPINION

LANKFORD, Judge.

This special action proceeding presents the question whether Rule 6(a), Arizona Rules of Civil Procedure, governs the time limitation provisions for a responsive pleading under Rule 55(a)(2). We hold that it does.

This case arises out of a contract action brought by plaintiff TURCO/K.A.S.I.E. (TURCO), against petitioner and other defendants. On May 19, 1989, TURCO filed a complaint alleging that one defendant breached a lease agreement and that petitioner and the remaining defendants were liable as guarantors of the lease. TURCO sought damages in excess of $400,000.

Petitioner was served with the complaint and failed to answer within the twenty days provided by Rule 12(a).

On June 16, TURCO filed an application for entry of default with the clerk of the court and gave notice of the application to petitioner as required by Rule 55(a)(1). The clerk then entered petitioner's default. On June 30, petitioner filed his answer to TURCO's complaint.

TURCO thereafter filed a notice of a default judgment and application for judgment as provided by Rule 55(b)(2).

Petitioner responded with motions which attempted to prevent the entry of default judgment against him, including a motion to vacate the default hearing and a motion to set aside the entry of default. The superior court denied these motions. Petitioner seeks relief from these orders of the superior court.

If the rulings below are allowed to stand, a default judgment would be entered against petitioner. The judgment would presumably hold him liable as guarantor for the full amount of plaintiff's damages, which may exceed $400,000. Because the entry of default in this case was improper, and any resulting default judgment would be void, we have accepted jurisdiction of this special action to spare petitioner from being exposed to the potentially large but certainly void default judgment.

■ The threshold question presented by this case is whether petitioner's answer was timely filed. If his answer was timely filed, he was not in default. *Pemberton v. Duryea*, 5 Ariz. 8, 43 P. 220 (1896). The time to file an answer is governed by Rules 12(a) and 55(a)(2).

Rule 12(a) provides for twenty days to answer a complaint. Petitioner did not file his answer within this twenty-day period.

Rule 55(a), however, effectively extended petitioner's time to answer by another ten days. That rule requires that the nondefaulting party file a written application for the clerk's entry of default and send a copy of the application to the defaulting party or his counsel. Under Rule 55(a)(2), the clerk's entry of default is effective ten days after the application is filed. The rule thus contemplates that the clerk will enter the default upon application but that the entry has no effect for ten days.

The defaulting party can act within the ten-day period to prevent the entry of default from becoming effective. Rule 55(a)(3) provides: "A default shall not become effective if the party claimed to be in default pleads or otherwise defends as provided by these rules prior to the expiration of ten (10) days from the filing of the application for entry of default."

■ Rule 55(a) thus creates a "grace period" of ten days. If the defaulting party answers within the period, the clerk's entry of default never takes effect.

■ The question here is whether petitioner filed his June 30 answer within the ten day grace period. TURCO filed its application on June 16, and petitioner's an-swer was filed on June 30, the fourteenth calendar day thereafter. The general computation of time rule, Rule 6(a), does not prescribe that every calendar day be counted, however. That rule provides in relevant part:

> In computing any period of time prescribed or allowed by these rules, by any local rules, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. When the period of time prescribed or allowed, including any additional time allowed under subdivision (e) of this rule, is less than 11 days, *intermediate Saturdays, Sundays and legal holidays shall not be included* in the computation. When that period of time is 11 days or more, intermediate Saturdays, Sundays and legal holidays shall be included in the computation.

(Emphasis added).

The superior court judge in this case held that Rule 6(a) does not apply to the ten day time limit created by 55(a)(2). He therefore concluded that the answer filed fourteen calendar days after the application for entry of default was untimely. The judge consequently permitted the entry of default to stand. This decision was incorrect.

■ Rule 6(a) does apply here. It is an omnibus rule which applies to *all* time periods established by the other Rules of Civil Procedure. The universal scope of Rule 6(a) is clearly stated in the rule itself, which governs the computation of *"any period of time prescribed or allowed by these rules."* (Emphasis added). Consonant with this statement, the Arizona courts have consistently read the time computation provisions of Rule 6(a) into the other Rules of Civil Procedure. *See Equitable General Insurance Co. v. Helm*, 128 Ariz. 6, 623 P.2d 365 (1981) (Rule 6(a) applies to Rule 42(f)1(C) time limitation for filing change of judge request); *Desmond v. J.W. Hancock Enterprises, Inc.*, 123 Ariz. 474, 600 P.2d 1106 (1979) (Rule 6(a) applies to Rule 5(c) effective date for completion of service by mail); *Kimball v. Shofstall*, 17 Ariz.App. 11, 494 P.2d 1357

(1972) (Rule 6(a) applies to Rule 59(d) time limitation for filing of a motion for new trial).

Petitioner's answer was timely under Rule 6(a). The application for default was filed on June 16. Rule 55(a)(3) allowed petitioner ten more days to file a responsive pleading. Because this period is less than 11 days, Rule 6(a) excludes the intervening Saturdays and Sundays, a total of four days here, from the computation. The petitioner's last day to answer thus was June 30, 1989. Petitioner's answer was in fact filed on that date.

■ Because petitioner's answer was timely filed, Rule 55(a)(3) prevented the clerk's entry of default from ever taking effect. *See Pemberton v. Duryea, supra.* The default entered against petitioner has no effect whatever. The superior court judge erred in refusing to vacate the default hearing.

■ Likewise, the successor judge erred in refusing to set aside the entry of default. In so ruling, the successor judge explained that a motion to set aside a default must provide proof of a meritorious defense. The judge rejected petitioner's affidavit as such proof on the ground that it contained inadmissible conclusions, assumptions or matters not based on personal knowledge, citing *Almarez v. Superior Court,* 146 Ariz. 189, 704 P.2d 830 (1985).

The *Almarez* requirement does not apply to a void default judgment or entry of default such as the one involved here. The requirement applies when a default has been entered due to the litigant's own neglect. In such a case, the litigant invokes the power of the court to grant or withhold relief from the party's own carelessness. The courts require as a condition of relief that the party demonstrate that the neglect was excusable, that the party sought relief promptly, and that if the default is vacated, the party will be able to advance a legitimate defense.

■ The *Almarez* case involved a Rule 60(c)(1) motion for relief based on the neglect of the moving party. *Almarez v. Superior Court,* 146 Ariz. at 191, 704 P.2d at 832. In contrast, the entry of default here involved no neglect by petitioner. It was a ministerial act which had no effect. There was "nothing to excuse." *Pemberton v. Duryea,* 5 Ariz. at 9, 43 P. 220. The only error was that of the court in honoring the entry of default contrary to Rule 55(a)(3).[1] Because petitioner complied with the rule by filing a timely answer, the entry of default was void, as Rule 55(a)(3) specifically provides. It is well established that a party need not demonstrate that he has a meritorious defense to vacate a void default judgment. *Gila Valley Etc. Co. v. Arizona T. & S. Bank,* 25 Ariz. 177, 215 P. 159 (1923); *International Glass & M., Inc. v. Banco Gan. Y Agr., S.A.,* 25 Ariz.App. 604, 545 P.2d 452 (1976); *Darnell v. Denton,* 137 Ariz. 204, 669 P.2d 981 (App.1983). *Cf. Richas v. Superior Court,* 133 Ariz. 512, 652 P.2d 1035 (1982) (standards for vacating entry of default and for vacating default judgment are the same).

■ The superior court had no discretion to refuse to vacate the entry of default. *Pemberton v. Duryea,* 5 Ariz. at 9, 43 P. 220. *See Preston v. Denkins,* 94 Ariz. 214, 382 P.2d 686 (1963) (no discretion to refuse relief from void default judgment). If the default or default judgment is void, then the trial court should and indeed must grant relief without requiring the party seeking relief to do anything more than to demonstrate that the judgment is void. The party's "right to have the default set aside, and be heard on the merits" in a case such as this is "absolute." *Pemberton v. Duryea,* 5 Ariz. at 9, 43 P. 220.

■ We hold that petitioner's answer was timely filed and grant the requested relief. It is ordered that the respondent court and the respondent judges vacate the default hearing and set aside the entry of default. This action arises out of a contract, and petitioner is eligible for recovery

1. The clerk of the court committed no error by entering the default. Rule 55(a) contemplates that the clerk will enter a default upon a party's application. However, the default is not effective for 10 days following the application, as the rule provides.

of attorneys' fees pursuant to A.R.S. § 12–341.01(A). Petitioner is hereby awarded his attorney's fees and may file an application pursuant to Rule 21(c), Arizona Rules of Civil Appellate Procedure.

GRANT, C.J., and JACOBSON, P.J., concur.