**Traian LAZARESCU, Plaintiff,**

v.

**ARIZONA STATE UNIVERSITY, Office for Civil Rights of the U.S. Department of Education, Defendants.**

**No. CV 2004–1826 PHX ROS.**

United States District Court, D. Arizona.

July 5, 2005.

Traian Lazarescu, Scottsdale, AZ, pro se.

Richard Albrecht, Esq., Office of the Attorney General, Phoenix, AZ, for Defendants.

## ORDER

SILVER, District Judge.

Pending before the Court are Defendant Arizona State University's ("ASU") Motion to Dismiss (Doc. # 4) and Motion to Strike (Doc. # 9). Also pending are Plaintiff's motion requesting the Court's leave to amend the Complaint to add the Arizona Board of Regents ("AZBR") as a defendant (included within his Response to Defendant Arizona State University['s] Motion to Dismiss (Doc. # 6)), and Plaintiff's Motion to Strike (Doc. # 10). For the reasons set forth below, both motions by ASU will be granted and Plaintiff's motions will be denied.

## BACKGROUND

On August 31, 2004, Plaintiff filed a complaint in this Court alleging violations of Ariz.Rev.Stat. § 15–14–4, 50 App. U.S.C. § 451 *et seq.*, and Title 34 of the Code of Federal Regulations. [Doc. # 1 (Compl.) ¶ 8.] All alleged violations stem from the ASU Financial Aid Office's request for proof of Plaintiff's Selective Service registration. [*Id.*] Plaintiff named as defendants both ASU and the Office for Civil Rights of the United States Department of Education ("DoE").[1] [Doc. # 1.] Plaintiff complained that the request for proof of registration is a pretext for ASU's denying him admission to the university due to complaints he had lodged regarding ASU's refusal to allow him to register for additional credit hours. [*Id.* at ¶ 7.] The essence of Plaintiff's complaint is that ASU discriminated against transfer students by not allowing them to take additional credit hours without first demonstrating their ability. [*Id.* at ¶¶ 7, 11.]

Defendant ASU moved to dismiss the action on September 22, 2004 for failure to state a claim upon which relief can be granted, asserting that ASU is not an entity subject to suit and that the Eleventh Amendment prohibits a suit against a state entity. [Doc. # 4 (Mot.Dismiss) at 1.] On October 4, 2004, Plaintiff responded to the Motion to Dismiss claiming that it should be denied because any immunity enjoyed by Defendant ASU has been abrogated by Congress through the Fourteenth Amendment when it enacted legislation prohibiting discrimination in public education. [Doc. # 6 (Pl.'s Resp) at 2–3.] Additionally, in the October 4, 2004 filing, Plaintiff requested that the AZBR be named a defendant. [*Id.* at 5.] ASU replied on October 7, 2004 and reiterated that no immunity has been abrogated because the Fourteenth Amendment was not designed to protect against discrimination based on academic origin. [Doc. # 7 (Def.'s Reply) at 1–2.] Plaintiff filed a "Reply" to Defendant ASU's Reply on October 26, 2004. [Doc. # 8.]

On November 2, 2004, ASU moved to strike Plaintiff's Reply, noting that the filing was not authorized in the Federal Rules of Civil Procedure. [Doc. # 9 (Def.'s Mot. Strike) at 1.] On November 19, 2004, Plaintiff filed a Motion to Strike ASU's Motion to Strike, in turn alleging that ASU discussed matters outside the pleadings in the preceding motion, and thus Federal Rule of Civil Procedure 12(b) allowed "reasonable opportunity to present all material made pertinent to such a motion." [Doc. # 10 (Pl.'s Mot. Strike) at 2.] On November 30, 2004, ASU responded to Plaintiff's Motion to Strike, again citing that Federal Rule of Civil Procedure 7 was the basis of its original Motion to Dismiss. [Doc. # 11 (Def.'s Resp) at 1.] Plaintiff responded on December 22, 2004. [Doc. # 12.]

## DISCUSSION

**I. Plaintiff's Motion to Amend Complaint to include the Arizona Board of Regents as a Defendant (included in Doc. # 6)**

Federal Rule of Civil Procedure 15(a) allows a party to amend a pleading "as a

---

**1.** There is no evidence that the DoE was ever served in this matter. While there is a Waiver of Service of Summons on file for ASU, nothing similar has been filed regarding the DoE.

matter of course at any time before a responsive pleading is served." Additionally, *pro se* litigants such as Plaintiff are not held to the same standards in drafting pleadings as are attorneys. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding that *pro se* pleadings are held to "less stringent standards than [those] drafted by lawyers."); *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990) (holding that especially in civil rights claims, a court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits ... due to ignorance of technical procedural requirements.").

■ Even allowing Plaintiff the latitude due *pro se* litigants, his request to amend must be denied as futile. The Eleventh Amendment to the United States Constitution provides that: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the Unites States by Citizens of another State, or by Citizens or Subjects of any Foreign State." In *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), the Court allowed Congress to abrogate state immunity, and thus subject states to retrospective damage suits, when Congress acts within its Fourteenth Amendment power. "We think that Congress may, in determining what is 'appropriate legislation' for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or State officials ...." *Id.* at 456, 96 S.Ct. 2666. However, this abrogation of immunity is limited to valid exercises of Congress' Section 5 power of the Fourteenth Amendment. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 72, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) ("Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction."). *See also Board of Trs. of the Univ. of Alabama v. Garrett,* 531 U.S. 356, 374, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (holding that Congress did not abrogate Eleventh Amendment immunity by enacting Title I of the Americans with Disabilities Act because the act did not fall within Fourteenth Amendment protections).

■ Here, Plaintiff alleges that the Fourteenth Amendment provides for the abrogation of immunity when read in conjunction with 42 U.S.C. § 2000d–7, which allows for lawsuits against states for violations of specific pieces of legislation and other anti-discrimination statutes when the state accepts federal funding. Plaintiff suggests that 20 U.S.C. § 1703 is an anti-discrimination statute pursuant to which he could bring his claim.[2] These arguments are unpersuasive because the discrimination Plaintiff alleges is based on his academic origin (i.e., because he is a transfer student). Academic origin is not protected by the Fourteenth Amendment or by 20 U.S.C. § 1703. As a result, the AZBR's Eleventh Amendment immunity has not been rescinded by Congress. Further, the AZBR has not waived its immunity per Arizona Revised Statute § 15–1625. *Harris v. Arizona Bd. of Regents,* 528 F.Supp. 987, 994–95 (D.Ariz.1981) (holding that the provision in Arizona Revised Statutes § 15–1625 providing the AZBR the power to sue and be sued did not waive immunity, especially in federal court).

■ Further, a general Fourteenth Amendment claim alleging denial of equal protection by AZBR is futile as the transfer student restriction satisfies the rational basis test. When states create classifications that are not based on race, gender, or religion, the classification can survive an equal protection claim if it is rationally related to a state interest. *City of New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976). Here, the state interest is education. To ensure that students can obtain the highest benefit from limited educational resources, ASU requires that students have a minimum amount of completed credit hours at the university in order to take additional credit hours. This is to ensure that the student can handle the additional classes. As academic standards vary throughout the United States, the only way ASU can judge a student's ability is through their hours at ASU. Therefore, no equal protection violation is present when a university requires transfer students to complete a certain amount of

---

**2.** 20 U.S.C. § 1703 provides: "No State shall deny equal educational opportunity to an individual on account of his or her race, color, sex, or national origin ...."

hours at the institution before they are allowed to enroll in additional classes above the standard number allowed per semester.

Consequently, amending the Complaint to add the AZBR as a defendant would be futile. Accordingly, Plaintiff's Motion to Amend Complaint will be denied.

## II. Defendant's Motion to Strike Plaintiff's Reply to Defendant Arizona State University's Reply (Doc. # 9)

In its Motion to Strike, ASU argues that Plaintiff's "Reply" to ASU's Reply to Plaintiff's Response to Defendant's Motion to Dismiss is not a valid filing. Local Rule 7.2 is on point. Local Rule 7.2(c) states that there should be one "responsive memorandum" by the opposing party after a motion is filed. Further, the filing party is entitled to a memorandum in reply according to Local Rule 7.2(d). "Unless otherwise ordered by the Court," no additional filings are authorized. LRCiv 7.2(c),(d).

An examination of the docket shows that ASU filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) on September 22, 2004. The Plaintiff responded on October 4, 2004. On October 7, 2004, ASU replied. The docket further shows that Plaintiff did not request leave to file an additional response, and no such leave was granted by the Court.

■ Plaintiff's reliance on Federal Rule of Civil Procedure 12(b) and "matters outside the pleading" to authorize an additional response is unfounded. Matters outside the pleadings are typically considered to be evidentiary. The jurisdictional issues ASU raises (sovereign immunity) are not evidentiary. *See also National Agric. Chem. Ass'n v. Rominger,* 500 F.Supp. 465, 472 (E.D.Cal. 1980) (explaining that matters outside the pleadings are evidentiary and that a court has discretion whether to consider them). Any jurisdictional issues are certainly within the pleadings.

Consequently, Plaintiff's "Reply" to Defendant ASU's Reply in Support of its Motion to Dismiss (Doc. # 8) will be stricken.

## III. Arizona State University's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b) because ASU is not an entity subject to suit (Doc. # 4)

### A. Legal Standard

■ A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni,* 31 F.3d 813, 813 (9th Cir.1994) (citing *Buckey v. Los Angeles,* 957 F.2d 652, 654 (9th Cir.1992)). "The federal rules require only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 248 (9th Cir.1997) (quoting Fed. R.Civ.P. 8(a)). Indeed, though " 'it may appear on the face of the pleadings that a recovery is very remote and unlikely[,] ... that is not the test.'" *Gilligan,* 108 F.3d at 249 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). " 'The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Id.*

■ It is well established that *pro se* complaints, "however inartfully pleaded[,] are held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quotation marks omitted); *see Ortez v. Wash. County,* 88 F.3d 804, 807 (9th Cir.1996) ("Because Ortez is a pro se litigant, we must construe liberally his inartful pleading[.]") (citation omitted). "In civil rights cases where the plaintiff appears pro se, the court must construe the pleading liberally and must afford plaintiff the benefit of any doubt." *Karim–Panahi v. L.A. Police Dep't,* 839 F.2d 621, 623 (9th Cir.1988); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Frost v. Symington,* 197 F.3d 348, 352 (9th Cir.1999) (citing *Karim–Panahi,* 839 F.2d at 623).

■ When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving

party." *Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir.1996); *see Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). In addition, the district court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.,* 37 F.3d 517, 521 (9th Cir.1994), *cert. denied,* 515 U.S. 1173, 115 S.Ct. 2640, 132 L.Ed.2d 878 (1995) (citations omitted). The district court need not assume, however, that the plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir.1998).

**B. Analysis**

■■■■■ ASU contends that it is not an entity subject to suit. In Arizona, the powers of any agency are defined by the statutes creating it. *Ayala v. Hill,* 136 Ariz. 88, 90, 664 P.2d 238, 240 (Ct.App.1983); *Cox v. Pima County Law Enforcement Merit Sys. Council,* 27 Ariz.App. 494, 495, 556 P.2d 342, 343 (Ct.App.1976). As this general rule relates to an agency being sued, the statutes creating the entity must provide the agency with the power to sue and be sued. *Kimball v. Shofstall,* 17 Ariz.App. 11, 13, 494 P.2d 1357, 1359 (Ct.App.1972) (holding that the State Board of Education could not sue or be sued because the statutes creating it did not provide it with such powers). Arizona Revised Statute § 15–1601 authorized the establishment of Arizona State University, but it did not grant the university the power to sue or be sued. Instead, pursuant to A.R.S. § 15–1625, that authority is vested with the AZBR, which oversees ASU.

■■■ The effect of Arizona Revised Statutes §§ 15–1601 and 15–1625 is clear. Arizona State University cannot be subject to suit because the Arizona Legislature has not so provided. However, AZBR is an entity subject to suit pursuant to § 15–1625.

Therefore, the complaint against ASU will be dismissed.

Accordingly,

**IT IS ORDERED** that Defendant Arizona State University's Motion to Strike (Doc. # 9) is **GRANTED**. Plaintiff's Reply to Defendant Arizona State University's Reply in Support of Motion to Dismiss (Doc. # 8) is **STRICKEN**.

**IT IS FURTHER ORDERED** that Defendant Arizona State University's Motion to Dismiss (Doc. # 4) is **GRANTED** because ASU is not an entity subject to suit.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to include Arizona Board of Regents Among the Defendants (included in Doc. # 6) is **DENIED** on grounds of futility.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. # 10) is **DENIED**.