NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LOS INDIOS, LLC, *Plaintiff/Appellant,*

*v.*

TE DAY, *Defendant/Appellee.*

No. 1 CA-CV 16-0222
FILED 3-30-17

Appeal from the Superior Court in Maricopa County
No. CV2015-093642
The Honorable Margaret E. Benny, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Fidelity National Law Group, Phoenix
By Patrick J. Davis, Nathaniel B. Rose
*Counsel for Plaintiff/Appellant*

Joseph W. Charles PC, Glendale
By Joseph W. Charles
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

**W I N T H R O P**, Judge:

¶1        Appellant Los Indios, LLC ("Indios"), as successor in interest to Riggs Circle, Inc. ("Riggs"), challenges the trial court's ruling setting aside a default judgment Riggs obtained against Appellee Te Day.  We affirm for the reasons discussed below.

## FACTS AND PROCEDURAL HISTORY

¶2        Riggs owned an apartment complex in Mesa.  Either Riggs or its predecessor issued twenty-five stock certificates, one for each apartment unit, which gave each resident exclusive possession of his or her unit.  In 1990, Day entered a "License Agreement with Option to Purchase" with a former Riggs shareholder that granted her sole use and occupancy of one unit in the complex.

¶3        Riggs sued Day, seeking to quiet title to the unit as part of its efforts to sell the complex.  Riggs served Day with a summons and a copy of its amended complaint on August 28, 2015.  In response, Day filed a letter addressed to the trial judge on September 15, 2015.  In her letter, she acknowledged living in the unit at issue, complained about various problems at the complex, and alleged that the "new owner" wanted "to sell all his units and make us sell ours."  She also asked the trial judge to appoint an arbiter to resolve the dispute.

¶4        Day filed a second letter with a coversheet titled "Civil Answer" six days later and paid the requisite filing fee.  She alleged that she "had no idea" her 1990 agreement "would cause a cloud on the title." She also alleged that "[a]ll [Riggs] had to do was ask me to sign a Quit Claim deed, and [I] would have been happy to comply," and asked for the trial judge's assistance.  Although she filed both letters, it does not appear she served either of them on Riggs.

¶5        Later that same day, unaware of Day's letters, Riggs applied for entry of default.  Riggs moved for default judgment against Day approximately two weeks later.  Riggs tried to give Day notice of the default judgment hearing, which took place on October 28, 2015.  When Day did not appear, the trial court entered final default judgment pursuant to Arizona Rule of Civil Procedure ("Rule") 54(b).[1]

---

[1]        The Arizona Rules of Civil Procedure underwent significant revisions effective January 1, 2017.  Unless otherwise noted, we cite the Rules in effect at the time of this dispute.

**¶6** Day moved to set aside the default judgment a few months later. She acknowledged receiving notice of the default but contended that she did not learn of the default judgment until a few days before she filed her motion. She also contended that her two letters constituted a valid answer to the amended complaint and stated her intent to defend against Riggs' claim by demonstrating she owned the unit at issue.

**¶7** After a hearing, the trial court found "the default did not become effective due to the 'Answer' filed by [Day] on September 21, 2015" and set aside the default judgment under Rule 60(c)(6). Riggs timely appealed. Riggs later sold the complex to Indios, and the parties stipulated to substitute Indios as the appellant in this case. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2) (2016). *See Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 428, ¶ 14, 380 P.3d 659, 667 (App. 2016).

**ANALYSIS**

**¶8** We will affirm a ruling setting aside a default judgment absent a clear abuse of discretion. *Cockerham v. Zikratch*, 127 Ariz. 230, 233, 619 P.2d 739, 742 (1980). The trial court abuses its discretion if it sets aside a default judgment without legal justification. *Id.* Generally, we resolve doubts in favor of the party seeking to set aside a default judgment because the law favors resolution on the merits. *Richas v. Superior Court*, 133 Ariz. 512, 514, 652 P.2d 1035, 1037 (1982).

**¶9** Indios contends Day's letters were not a valid answer because (1) they did not substantively respond to the allegations of Riggs' amended complaint and (2) she did not serve either letter on Riggs. We address each contention in turn.

  *I.*   *Day's Letters Stated Possible Defenses to Riggs' Claim*

**¶10** An answer must "state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." Ariz. R. Civ. P. 8(b). Extensive fact pleading is not required. *Rosenberg v. Rosenberg*, 123 Ariz. 589, 592-93, 601 P.2d 589, 592-93 (1979).

**¶11** Riggs sought in its amended complaint to quiet title to Day's unit, alleging that Day's 1990 "License Agreement" did not grant her any real property interest in the unit. Day responded in her second letter that neither she nor the prior occupant of the unit "signed any deed in connection with the agreement" and that she "had no idea" her agreement

"would cause a cloud on the title." She denied that the agreement caused a title issue, alleging she was told her name "did not come up on the title report." She also alleged that she was willing to sign a quitclaim deed, but that Riggs was "trying to sell [her] home . . . out from under [her]" when she was not "in any position to be moved out of this home."

¶12          Although Day's letters are not pleading exemplars, they addressed the salient allegations of Riggs' amended complaint. Accordingly, her letters met the Rule 8(b) standard. *Cf. Dons Club v. Anderson*, 83 Ariz. 94, 96-97, 317 P.2d 534, 535-36 (1957) (concluding an answer that set forth "affirmative allegations diametrically opposed to the allegations in the complaint" was sufficient under Rule 8(b)).

>        II.     *Day's Failure to Serve Riggs Did Not Entitle Riggs to Default Judgment*

¶13          A defendant must file and serve his or her answer. Ariz. R. Civ. P. 12(a). Day does not dispute that she did not serve either of her letters on Riggs. But Indios cites no authority, nor are we aware of any, holding that the failure to serve a properly-filed answer, standing alone, entitles a plaintiff to default judgment. Nothing in the record suggests that Day's failure to serve her letters on Riggs was either intentional or the result of bad faith. Her answer was timely filed, and the court's decision to allow the matter to proceed on the merits was not an abuse of discretion.

¶14          Further, counsel must stay informed regarding the status of cases in which they have appeared. Ariz. R. Civ. P. 5.1(b); *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 557, ¶ 48, 189 P.3d 1114, 1130 (App. 2008). The trial court noted counsel's duty and the court's own responsibility when Riggs raised at oral argument Day's failure to serve the letters:

> And I also looking back at it see it as probably an error on both your part and my part prior to the granting of the default judgment. We should have looked more closely on the Court's case docket to ensure that this was an appropriate case for a default judgment.

We agree that Riggs should have checked the court docket either before moving for default judgment or before the default judgment hearing to confirm Day had not filed anything. In determining whether Riggs was entitled to the entry of a default judgment, the court and/or court staff should have also made the same inquiry. Given our strong preference that disputes be resolved on their merits, we cannot say the trial court clearly

abused its discretion in setting aside the default judgment. *Almarez v. Superior Court*, 146 Ariz. 189, 191, 704 P.2d 830, 832 (App. 1985).

### III. Day Did Not Have to Comply with Rule 60(c)(6) Because the Default Judgment Was Void

**¶15** As noted above, the trial court set aside the default judgment under Rule 60(c)(6). Indios contends Day did not satisfy Rule 60(c)(6) because she did not act promptly in seeking relief or show that she had a meritorious defense to Riggs' claim. *See Jepson v. New*, 164 Ariz. 265, 277, 792 P.2d 728, 740 (1990).

**¶16** Day filed both of her letters before Riggs applied for entry of default and thus her answer was filed before the default became effective. *See* Ariz. R. Civ. P. 55(a)(3), (4). The trial court therefore should have set aside the default judgment as void under Rule 60(c)(4). *See Corbet v. Superior Court*, 165 Ariz. 245, 248, 798 P.2d 383, 386 (App. 1990). Trial courts have no discretion in setting aside a void judgment. *Martin v. Martin*, 182 Ariz. 11, 14, 893 P.2d 11, 14 (App. 1994). Accordingly, we need not decide whether Day complied with Rule 60(c)(6). *See Corbet*, 165 Ariz. at 248, 798 P.2d at 386 ("If the default or default judgment is void, then the trial court should and indeed must grant relief without requiring the party seeking relief to do anything more than to demonstrate that the judgment is void.").

### CONCLUSION

**¶17** We affirm the trial court's ruling setting aside the default judgment against Day. Indios requests attorneys' fees pursuant to A.R.S. § 12-341.01. Because Indios is not the successful party on appeal, we deny that request. Day also requests attorneys' fees on appeal, but cites no authority for that request. In our discretion, we deny Day's request for attorneys' fees on appeal, but award Day her costs incurred on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

