NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

ROUNDTABLE VENTURES, LLC, *Plaintiff/Appellee*,

*v.*

KATIE SCHMEDDING, *Defendant/Appellant*.

No. 1 CA-CV 16-0614
FILED 1-30-2018

Appeal from the Superior Court in Maricopa County
No. CV 2015-091753
The Honorable Margaret Benny, Commissioner
The Honorable David K. Udall, Judge

**VACATED AND REMANDED**

COUNSEL

Ivan & Kilmark, PLC, Glendale
By Florin V. Ivan, Justin M. Clark
*Counsel for Defendant/Appellant*

Lawyer For Less, PLLC, Phoenix
By Gil Hacohen
*Counsel for Plaintiff/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge John C. Gemmill[1] joined.

**B R O W N**, Judge:

**¶1**        This case arises out of Katie Schmedding's alleged refusal to honor a real estate purchase agreement between her and Roundtable Ventures, LLC ("Roundtable").  Because the superior court's entry of default was ineffective, thus rendering the default judgment void, we vacate the judgment and remand for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

**¶2**        On December 9, 2015, Roundtable filed an amended complaint alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and fraudulent misrepresentation.[2]  When Schmedding failed to answer, Roundtable submitted an application for default pursuant to Arizona Rule of Civil Procedure ("Rule") 55(a).  Six days later, Schmedding filed a pro per motion to dismiss the application for default, arguing in part the complaint was defective; Roundtable misrepresented its identity; she cancelled the purchase agreement; service and venue were improper; the contractual terms were unconscionable, ambiguous, and vague; she never received a "title report"; and she did not breach the agreement.  Schmedding also denied "each and every other allegation not answered herewithin [sic]," and requested dismissal of the amended complaint with prejudice.

---

[1]        The Honorable John C. Gemmill, Retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]        Justin Fromstein was the named plaintiff in the original complaint. After the superior court informed the parties that the real estate purchase agreement was entered between Roundtable and Schmedding, Roundtable became the sole plaintiff in the amended complaint.

**¶3**        Notwithstanding Schmedding's filing, Roundtable moved for default judgment under Rule 55(b), seeking specific performance under the real estate purchase agreement, or in the alternative, "a sum certain plus attorney's fees."  Schmedding then filed two additional motions to dismiss and an answer to Roundtable's motion for default judgment.  Roundtable moved to strike the pending motions to dismiss and contended in part that Schmedding's motions to dismiss did not meet the "otherwise defends" requirement under Rule 55(a).  The motion to strike and motions to dismiss were ultimately denied.[3]

**¶4**        The superior court then set an evidentiary hearing for Roundtable's motion for default judgment, allowing Schmedding to dispute the "amount of damages and costs requested."  When Schmedding did not appear "[a]fter a significant wait time," the court proceeded with the hearing, finding in part that entry of default was properly entered, the real estate purchase agreement was a "valid, enforceable contract," and Roundtable "fulfilled its obligations under the contract."  The court entered a default judgment on May 19, 2016, ordering Schmedding to comply with the purchase agreement's terms for the sale of the property and awarding Roundtable attorneys' fees and costs.  Schmedding's counsel then filed a notice of appearance.

**¶5**        Because Schmedding failed to comply with the default judgment, the superior court set a hearing to address her lack of compliance.  Schmedding filed a memorandum of points and authorities in preparation for the hearing, arguing in part that entry of default was ineffective and that the default judgment was entered in violation of the automatic stay arising from her filing of a bankruptcy petition on May 17, 2016.  At the hearing, the court found that Schmedding failed to comply with the default judgment and ordered her to "take immediate steps to complete her performance and complete the sale."

**¶6**        After Schmedding again failed to comply with the superior court's orders, Roundtable moved for relief under Rule 70, which gives the

---

[3]        At a hearing held on April 6, 2016, Commissioner Benny referred the pending motions to Judge Udall (the "assigned" judge) for consideration.  Judge Udall subsequently denied Roundtable's motion to strike, but seemingly denied only two of Schmedding's three motions to dismiss.  Commissioner Benny, however, clarified that two of the motions to dismiss were duplicate filings.  Thus, when Judge Udall denied one of the duplicate motions, he necessarily denied the other duplicate motion, thereby resolving all three motions to dismiss.

court authority to enforce a court order requiring a specific act to be performed. In response, Schmedding requested that the superior court set aside the entry of default and default judgment under Rules 55(c) and 60(b). Among other things, Schmedding argued the default judgment should be vacated because the entry of default never became effective. In a judgment filed September 14, 2016, the court granted Roundtable's motion for Rule 70 relief and denied Schmedding's motion to set aside entry of default and default judgment, finding in part that the filing of "bankruptcy was a delay tactic to avoid the entry of default judgment or to make the default judgment void," and that "Schmedding's own misleading facts cannot be a basis to support a Rule 55(c) or Rule 60(c) [sic] request." Schmedding then filed a notice of appeal.

## JURISDICTION

**¶7** Roundtable argues this court lacks jurisdiction over the September 14 judgment because it does not include Rule 54(c) language and is therefore not a final appealable order. Appeals are generally only allowed from final judgments, *Ghadimi v. Soraya*, 230 Ariz. 621, 622, ¶ 7 (App. 2012), but may be pursued from other rulings as authorized in Arizona Revised Statutes ("A.R.S.") section 12-2101(A), *Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 425, ¶ 2 (App. 2016).

**¶8** In the September 14 judgment, the superior court denied Schmedding's request to set aside the entry of default and default judgment, and, in combination with its September 13, 2016 judgment, granted Roundtable Rule 70 relief. Under A.R.S. § 12-2101(A)(2), an appeal may be taken "[f]rom any special order made after final judgment." The denial of a motion to set aside default judgment is appealable as a special order made after final judgment, which requires neither Rule 54(b) nor 54(c) language. *See Brumett*, 240 Ariz. at 428-29, ¶¶ 14-15. We therefore have jurisdiction to consider whether the superior court properly denied Schmedding's request to set aside default judgment. Because we conclude the default judgment is void based on an ineffective entry of default, we need not address whether the court properly granted Rule 70 relief or whether there was "good cause" under Rule 55(c) to set aside entry of default.

## DISCUSSION

**¶9** Under Rules 55(c) and 60(b)(4), a final default judgment may be set aside when it is void. We generally review orders refusing to vacate a default judgment for an abuse of discretion, but review de novo the

4

specific question as to whether a judgment is void. *BYS Inc. v. Smoudi*, 228 Ariz. 573, 577-78, ¶¶ 14, 18 (App. 2012). A court commits reversible error when it does not set aside a void judgment, which may be challenged at any time. *Master Fin., Inc. v. Woodburn*, 208 Ariz. 70, 74, ¶ 19 (App. 2004). The issues on appeal are limited to those raised in the motion to set aside. *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 311 (1983).

¶10 Schmedding argues, as she did in her request to set aside, the default judgment should be vacated because the entry of default is ineffective. Under Rule 55(a)(2), entry of default must be requested by filing a written application for default. This filing "constitutes entry of default," which becomes "effective 10 days after the application for entry of default is filed" unless the "party claimed to be in default pleads or otherwise defends" within those 10 days. Rule 55(a)(4)-(5). If entry of default is entered even though the party in default pled or otherwise defended, the entry of default is ineffective, making any subsequent default judgment void. *See Corbet v. Superior Court In & For Cty. of Maricopa*, 165 Ariz. 245, 247-48 (App. 1990); *see also Ruiz v. Lopez*, 225 Ariz. 217, 223, ¶¶ 21, 23 (App. 2010) (affirming superior court's order vacating entry of default and default judgment because entry of default was ineffective, resulting in a void judgment).

¶11 Roundtable's application for default was filed on December 29, 2015.[4] Schmedding filed a motion to dismiss on January 4, 2016, six calendar days later, which is well within the 10-day grace period for ensuring entry of default does not become effective. Although Roundtable argues that Schmedding did not plead or otherwise defend in this action, Roundtable does not explain why the January 4 motion to dismiss does not satisfy the "otherwise defends" requirement of Rule 55(a)(5).

¶12 The only possible explanation Roundtable gives is that the motion to dismiss is "void" because the superior court denied the motion. Simply because the court denied the motion, however, does not mean the motion to dismiss was "void" or Schmedding failed to defend. The law is clear that motions to dismiss satisfy the "otherwise defends" requirement of Rule 55(a)(5), especially when, as here, the motion to dismiss presents defenses under Rule 12(b) and merits-based arguments. *See Coulas v. Smith*, 96 Ariz. 325, 329 (1964) ("The words 'otherwise defend' refer to attacks on

---

[4] Justin Fromstein filed an application for default on November 4, 2015. But during the hearing on that date, at which Schmedding appeared, the superior court directed that another application for default be filed, which led to the December 29 application.

the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits."); *Prutch v. Town of Quartzsite*, 231 Ariz. 431, 436, ¶¶ 17-18 (App. 2013) (finding no abuse of discretion in denying a motion for entry of default because the claimed party in default otherwise defended by filing a motion to dismiss for improper venue under Rule 12(b)(3)). Thus, the fact that a motion to dismiss is ultimately denied does not mean the motion did not constitute the assertion of a substantive defense under Rule 55.

¶13 Nor are we persuaded by Roundtable's alternative argument that the improper entry of default constitutes harmless error. *See* Rule 61 (directing court to "disregard all errors and defects that do not affect any party's substantial rights"). A void default judgment due to an ineffective entry of default is not a harmless defect because the "defaulted party loses all rights to litigate the merits of the cause of action." *Tarr v. Superior Court In & For Pima Cty.*, 142 Ariz. 349, 351 (1984).

¶14 In sum, Roundtable's December 29 application for default never became effective because it was void as soon as Schmedding otherwise defended her position by filing a motion to dismiss within the 10-day grace period. *See* Rule 55(a)(4) (stating that the "filing of the application for default constitutes the entry of default," but is not "effective" until 10 days after the application filed); *Corbet,* 165 Ariz. at 248 (finding that because an answer was timely filed, "the entry of default was void"). To obtain a valid default judgment, Roundtable would have needed to file a new application for default, and if Schmedding failed to timely defend, then entry of default could have become effective. Accordingly, the superior court erred in denying Schmedding's request to set aside the ineffective entry of default and the resulting void default judgment.[5]

## CONCLUSION

¶15 Because the entry of default never became effective, the resulting default judgment is void. We therefore vacate the entry of default and default judgment, and remand for further proceedings. We deny Roundtable's request for attorneys' fees incurred on appeal, but award

---

[5] Given this conclusion, we need not address Schmedding's argument that the default judgment is void because it was entered while an automatic bankruptcy stay was in effect or any of the other arguments she raises on appeal. Additionally, we deny as moot Roundtable's motion to strike portions of Schmedding's reply brief because the matters complained of do not affect our analysis.

taxable costs to Schmedding upon her compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA