NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

BIG BELL 21, LLC, *Plaintiff/Appellant*,

*v.*

TITLE ALLIANCE ELITE AGENCY, LLC, *Defendant/Appellee*.

No. 1 CA-CV 22-0745

FILED 01-09-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2020-003480
The Honorable Mary C. Cronin, Judge *Pro Tempore*
The Honorable Lindsay P. Abramson, Judge *Pro Tempore* (Retired)

---

**AFFIRMED**

---

COUNSEL

Tiffany & Bosco P.A., Phoenix
By Tina M. Ezzell, Amy D. Sells
*Counsel for Plaintiff/Appellant*

Lewis Brisbois Bisgaard & Smith LLP, Phoenix
By Michael P. Obert, Jr., Robert C. Ashley
*Counsel for Defendant/Appellee*

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Andrew M. Jacobs and Judge Samuel A. Thumma.

**B R O W N**, Judge:

**¶1**        Plaintiff Big Bell 21, LLC ("Big Bell") appeals from an order setting aside a default judgment it obtained against defendant Title Alliance Elite Agency, LLC ("Title Alliance"). We affirm because the default judgment is void.

## BACKGROUND

**¶2**        Michael Mills sold a residential property in January 2020 and retained Title Alliance to serve as the title company for the transaction. Title Alliance performed a title search and discovered a judgment lien against Mills in Big Bell's favor.

**¶3**        On January 8, 2020, Big Bell sent Title Alliance a payoff quote of about $420,000. Mills' attorney wrote Title Alliance the next day, contending Big Bell's lien was invalid and Mills was entitled to at least $150,000 of the sale proceeds under a homestead exemption. Mills provided a homestead affidavit and authorized Title Alliance to wire the sale proceeds to his personal account. Title Alliance did so when escrow closed on January 14, 2020.

**¶4**        Big Bell sued Title Alliance, alleging it negligently misrepresented the status of the transaction and deprived Big Bell of the chance to satisfy a portion of its judgment against Mills. Big Bell served its complaint on Title Alliance's statutory agent on March 16, 2020. Title Alliance did not respond to the complaint, and Big Bell applied for entry of default on April 10. The certificate of service on the application indicates Big Bell mailed copies to Title Alliance's statutory agent in Arizona and general counsel in Pennsylvania. Title Alliance still did not respond or appear. Big Bell moved for the entry of default judgment on April 27, 2020, and the court entered default judgment four days later.

**¶5**        In August 2021, Big Bell garnished funds from Title Alliance's Florida escrow account. About six months later, Title Alliance moved to set aside the default judgment and garnishment, asserting Big Bell had not

2

complied with Arizona Rule of Civil Procedure ("Rule") 55(a)(3)(B) because it never "called, emailed, or mailed a copy of the complaint or the default application to [Title Alliance's general counsel]" despite knowing she represented Title Alliance. Title Alliance also argued excusable neglect under Rule 60(b)(1), noting its offices were shut down from March 19, 2020 through June 8, 2020 due to the COVID-19 pandemic and mail deliveries during that timeframe were often delayed or not completed. It also argued the default judgment was void under Rule 60 because Big Bell's application for entry of default was premature, citing an Arizona Supreme Court Administrative Order ("A.O.") that, due to the COVID-19 pandemic, excluded March 16 through 31, 2020, from time calculations under Rule 6. *See* Ariz. S. Ct. Admin. Order No. 2020-47. With that time excluded, Title Alliance argued the deadline to respond to the complaint had not yet passed when Big Bell applied for entry of default. Title Alliance also asked the court to set aside Big Bell's garnishment of its Florida escrow account.

**¶6**　　　After full briefing, the superior court set aside the default judgment, finding the circumstances "leading up to the . . . Default Judgment to be unique" and concluding that Big Bell "could have done more to provide notice of the lawsuit and/or the default proceedings." On these grounds, the court found "excusable neglect exist[ed] for Title Alliance's failure to defend" and granted relief under Rule 60(b)(1).

**¶7**　　　Less than a month later, Title Alliance asked the court to amend its order to also grant relief under Rule 60(b)(6) and direct Big Bell to return funds it had garnished from the Florida account. The court clarified that it "considered and ruled on both Rule 60(b)(1) and Rule 60(b)(6) but declined to rule on the argument regarding Rule 60(b)(4)." It then entered a signed order setting aside the default judgment under Rule 60(b)(1) and (6) but did not rule on Title Alliance's request for the return of the garnished funds.

**¶8**　　　Big Bell appealed from that order, and we have jurisdiction under A.R.S. § 12-2101(A)(2). *See Ruffino v. Lokosky*, 245 Ariz. 165, 168, ¶ 7 (App. 2018).

## DISCUSSION

**¶9**　　　As pertinent here, the superior court may relieve a party from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect;" "(4) the judgment is void;" or "(6) any other reason justifying relief." Ariz. R. Civ. P. 60(b)(1), (4), (6). Generally, we review orders setting aside default judgments for an abuse of discretion and

3

view the facts in the light most favorable to upholding the court's decision. *Olewin v. Nobel Mfg., LLC*, 254 Ariz. 346, 350, ¶ 9 (App. 2023). But if a judgment is void, the superior court must set it aside. *Martin v. Martin*, 182 Ariz. 11, 14 (App. 1994). This is true no matter how long the moving party delays in seeking relief, even if the delay is unreasonable. *Ruffino*, 245 Ariz. at 169, ¶ 10.

**¶10** We first consider Rule 60(b)(4) because it is dispositive. The superior court did not rule on Title Alliance's Rule 60(b)(4) arguments, but we may affirm on any basis supported by the record even if the court did not consider it. *R.O.I. Props. LLC v. Ford*, 246 Ariz. 231, 235, ¶ 13 (App. 2019).

**¶11** Title Alliance contends the default judgment was void based on A.O. 2020-47, entered on March 16, 2020, which included the following time exclusion:

> IT IS FURTHER ORDERED that for the period March 16, 2020 through March 31, 2020:
>
> (a) Time is excluded for the purposes of calculating time under ***Rule 6, Rules of Civil Procedure***[,] Rule 8, Rules of Criminal Procedure Rules 17 and 100, Rules of Procedure for the Juvenile Court Rules 2 and 3, Rules of Procedure in Eviction Actions and any other rule provisions or statutory procedures concerning when court proceedings are held. A judge in an appropriate case may extend this exclusion of time for good cause.

Ariz. S. Ct. Admin. Order No. 2020-47, at 2 (emphasis added). If this order applies, Title Alliance's answer, which ordinarily would have been due on April 6, would not have been due until April 20, ten days after Big Bell applied for entry of default.

**¶12** Big Bell contends that A.O. 2020-48, entered two days later, replaced A.O. 2020-47. Not so; our supreme court said that A.O. 2020-48 "revises, clarifies[,] and adds to" A.O. 2020-47. Ariz. S. Ct. Admin. Order No. 2020-48, at 1. Those revisions included removing Civil Rule 6 from the time exclusion provision:

> IT IS FURTHER ORDERED that the period March 18, 2020 through April 17, 2020:
>
> (a) Is excluded from calculation of time under rule provisions and statutory procedures that require court proceedings to be

held within a specific period of time, including Rule 8, Rules of Criminal Procedure; Rules 17, 79 and 100, Rules of Procedure for the Juvenile Court; and Rules 2 and 3, Rules of Procedure in Eviction Actions. A judge, pursuant to Rule 8, may extend this exclusion of time in criminal cases, for good cause.

Ariz. S. Ct. Admin. Order No. 2020-48, at 2. But this revision did not take effect until March 18. *Id.*

¶13 The time to serve a responsive pleading commences when the plaintiff serves the summons and complaint. Ariz. R. Civ. P. 12(a)(1). As noted above, Big Bell served the summons and complaint on March 16, 2020, while A.O. 2020-47 was in effect. Title Alliance's time to respond was extended through April 20 and had not yet expired when Big Bell applied for entry of default. Thus, Big Bell's application for entry of default was premature, meaning there could be no resulting effective entry of default. *See* Ariz. R. Civ. P. 55(a)(2)(B) (application for entry of default must "state[ ] that the party ha[d] failed to plead or otherwise defend within the time allowed by these rules"); 55(a)(4) ("A default is effective 10 days after the application for entry of default is filed.").

¶14 Because the superior court lacked the authority to enter the default judgment against Title Alliance, it is void and therefore had to be set aside under Rule 60(b)(4). *See* Ariz. R. Civ. P. 55(b)(1)(A) (stating that default judgment may be entered against "a defendant who has been defaulted for not appearing"); *Shinn v. Ariz. Bd. of Exec. Clemency*, 254 Ariz. 255, 264–65, ¶¶ 33–35 (2022) (clarifying that a judgment is void if the court lacks the "authority" to render it, even if the court has "jurisdiction" to enter the judgment); *Pemberton v. Duryea*, 5 Ariz. 8, 9 (1896) (setting aside a default judgment that was "unquestionably premature" because the defendant "was not in default when the judgment was entered against him"); *Corbet v. Superior Court*, 165 Ariz. 245, 248 (App. 1990) (noting that if a "default or default judgment is void," relief must be granted). Accordingly, we do not address the parties' arguments concerning Rule 60(b)(1) and (6).

**CONCLUSION**

¶15      We affirm.  Title Alliance is awarded its taxable costs incurred in this appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   TM